IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANITA G. ZUCKER, TRUSTEE OF THE ANITA G. ZUCKER TRUST DATED APRIL 4, 2007, AS SUBSEQUENTLY AMENDED OR RESTATED, *et al.* | * * * * * * |
| Plaintiffs, | * |
| v. | *   Civil Case No. SAG-21-1967 |
| BOWL AMERICA, INC., *et al.* | * * |
| Defendants. | * * * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Following this Court's May 27, 2022 ruling dismissing a number of the claims asserted in the Second Amended Class Action Complaint ("SAC"), Lead Plaintiffs Anita G. Zucker, Trustee of the Anita G. Zucker Trust Dated April 4, 2007, as Subsequently Amended or Restated, and Anita G. Zucker, Trustee of the Article 6 Marital Trust, Under the First Amended and Restated Jerry Zucker Revocable Trust Dated April 2, 2007 (collectively, "Plaintiffs"), filed a Third Amended Class Action Complaint ("TAC") against Defendants Bowl America, Inc. ("Bowl America"), Bowlero Corp. ("Bowlero"), Duff & Phelps Securities LLC ("D&P"), Cheryl Dragoo, Allan Sher, Merle Fabian, Gloria Bragg, Nancy Hull, and Ruth Macklin (collectively, "Defendants"). The TAC is almost identical to the SAC, with the exception of a single new jurisdictional allegation in paragraph 31. ECF 36.

Defendants have now filed motions to dismiss the TAC. ECF 38, 39. The issues have been fully briefed, ECF 43, 47, 48, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Defendant D&P's Motion, ECF 39, will be granted and the

1

remaining Defendants' Motion, ECF 38, will be granted in part and denied in part. Plaintiffs' Motion for Scheduling Order and Discovery, ECF 40, will be denied as moot because a scheduling order will issue along with this memorandum opinion.

I. **BACKGROUND**

This Court will dispense with review of the facts contained in the TAC because they are identical to those from the SAC, which were summarized in this Court's May 27, 2022 opinion. ECF 32 at 2-6. A brief summary of the rulings made in that opinion, however, will be useful. This Court granted Defendants' motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I, II, V, and VI without prejudice. *Id.* at 26. Those dismissed counts included all the claims Plaintiffs asserted against the corporate defendants, Bowl America, Bowlero, and D&P. *Id.* at 9-14, 25-26. The Court granted in part and denied in part the motion by the remaining individual defendants ("the Director Defendants") to dismiss Counts III and IV, which asserted claims for breach of fiduciary duties. *Id.* at 14-25. The motion to dismiss was denied only as to the "claim that the Director Defendants breached their fiduciary duties of care and good faith in approving the Company Termination Fee" as part of a merger transaction. *Id.* at 25.

The TAC reiterates all the allegations and counts from the SAC, although Plaintiffs acknowledge that they repeated the contents of the dismissed claims "solely for the purpose of preserving them for appeal" and do not expect a different result. ECF 36 at 3. They proffer that the purpose of the TAC was to "amend[] the allegations related to the Court's jurisdiction as alleged in paragraph 31 in connection with the claim the Court ruled was permitted to proceed." *Id.*

## II.  STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss.  *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation.  *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a

complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable, and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### III. DISCUSSION

Initially, this Court incorporates by reference and adopts all the rulings in its May 27, 2022 opinion, as those rulings pertain equally to the near-identical TAC. As a result of those rulings, Bowlero, Bowl America, and D&P have no remaining claims against them and shall be terminated

as defendants in this case. To the extent Plaintiffs endeavor to seek any discovery from those entities, they must be treated as non-parties to this litigation.

With that ruling disposing of the duplicative parts of the TAC, the Court now turns to the remainder of Defendants' instant motion, ECF 38. That motion seeks dismissal of the TAC in its entirety, including the remaining claims against the Director Defendants for breach of fiduciary duties. While Plaintiffs urge this Court to view Defendants' instant motion as an untimely motion for reconsideration of its May 27, 2022 ruling, *see* ECF 43 at 13-14, the Court declines to do so, except in part. The instant motion does ask this Court to reconsider whether the Plaintiffs have pled a breach of the duties of care and good faith regarding the Company Termination Fee. *See* ECF 38-1 at 9-10, 21-27. Because those issues were addressed thoroughly in the May 27, 2022 opinion and reconsideration was not timely requested, this Court will not reconsider those arguments. *See* Loc. R. 105.10 (requiring a motion for reconsideration to be "filed with the Clerk not later than fourteen (14) days after entry of the order.").

The heart of the instant motion to dismiss, however, presents a new argument: that Bowl America's Charter's exculpation provision bars Plaintiffs' surviving claims. *See* ECF 38-1 at 18-21. Consistent with Maryland law, that exculpation provision precludes Bowl America or its stockholders from recovering money damages from the company's directors, unless the directors received an improper benefit or acted with deliberate dishonesty. *See* ECF 38-4 at 16, Md. Code Ann., Cts. & Jud. Proc. § 5-418(a). Initially, Plaintiffs dispute Defendants' ability to rely on the exculpation provision at this stage, arguing such an argument is precluded by Federal Rule of Civil Procedure 12(g)(2) because Defendants failed to raise it in their motion to dismiss the SAC. *See* ECF 43 at 14-15. Defendants counter that Plaintiffs' primary legal theory in support of Counts III and IV was that the Director Defendants had received an improper benefit—thereby taking their

5

conduct outside the exculpation clause—and it was only after this Court rejected that theory in its May 27, 2022 ruling that the clause became pertinent. ECF 38-1 at 9.

On balance, this Court finds that Defendants can appropriately raise the exculpation provision in the instant motion to dismiss. While Rule 12(g)(2) generally precludes a party from "raising a defense or objection that was available to the party but omitted from its earlier motion," it does not prohibit successive Rule 12(b)(6) motions as a categorical matter. In fact, Rule 12(h)(2) explains that failure to state a claim upon which relief can be granted may be raised at various subsequent stages of the litigation. Courts have therefore permissively construed Rule 12(g)(2) to allow successive Rule 12(b)(6) motions when doing so would promote the just and speedy resolution of a case. *See, e.g., F.T.C. v. Innovative Mktg., Inc.*, 654 F. Supp. 2d 378, 383-84 (D. Md. 2009); *Aviles-Cervantes v. Outside Unlimited Inc.*, 276 F. Supp. 3d 480, 487 (D. Md. 2017). Here, this Court finds that its May 27, 2022 ruling—which shifted the focus of the case to a previously underdeveloped theory of relief—arguably altered the landscape of the case to make it unfair to preclude Defendants from raising a new argument, even though Plaintiffs' substantive allegations did not change.

However, while this Court may properly consider Defendants' new Rule 12(b)(6) argument, it does not deem the argument meritorious at this stage of the litigation. This Court agrees with Plaintiffs that the exculpation provision is an affirmative defense. *See In re Tower Air, Inc.*, 416 F.3d 229, 242 (3d. Cir. 2005) (stating that "the protection of an exculpatory charter provision appears to be in the nature of an affirmative defense"). Courts generally do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). However, "in the relatively rare

circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear *on the face of the complaint*.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (alterations adopted).

Here, the exculpation provision is not referenced in the Amended Complaint, and Bowl America's Charter is not attached to the Amended Complaint. *See* ECF 36. Thus, the facts necessary to the affirmative defense of exculpation do not clearly appear on the face of the Amended Complaint. Even if they did, the legal standards and analysis underpinning this Court's dismissal of some of Plaintiffs' substantive claims do not align perfectly with the standards of "improper benefit" or "active and deliberate dishonesty" required to determine the exculpation provision's applicability. Md. Code Ann., Cts. & Jud. Proc. § 5-418(a)(1)-(2). These questions, which to some degree depend on motive and state of mind, shall be permitted to proceed to discovery. Defendants can of course re-raise the exculpation provision as an affirmative defense on a more fulsome factual record later in the proceeding.

Finally, Defendants contend that the dismissals without prejudice in this Court's May 27, 2022 order should convert to dismissals with prejudice, because Plaintiffs did not seek to amend those claims in the TAC. This Court sees no reason to alter its previous rulings, which did not mandate amendment, formally grant Plaintiffs leave to amend, or prescribe a time before which amendment must occur. Should Plaintiffs later seek leave to amend the dismissed claims, the

timeliness and propriety of their efforts can be appropriately assessed. This Court will not preemptively foreclose such amendment at this stage.

## IV. CONCLUSION

For the reasons set forth above, Defendant D&P's Motion to Dismiss, ECF 39, is granted, as is the remaining Defendants' Motion to Dismiss, ECF 38, as to Defendants Bowl America and Bowlero. The claims against those corporate defendants are dismissed without prejudice and they are terminated as defendants in this case. Similarly, all counts of the TAC against the Director Defendants are again dismissed without prejudice, except the claim that the Director Defendants breached their fiduciary duties of care and good faith in approving the Company Termination Fee. A separate Order follows, along with a scheduling order.

Dated: October 11, 2022                    /s/
                                           Stephanie A. Gallagher
                                           United States District Judge