IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHERYL COHEN FINE, et al. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | Civil No. SAG-21-1967 |
| | * | |
| BOWL AMERICA, INC., et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case was referred to me on October 31, 2023 for discovery and all related scheduling matters. ECF No. 106. Plaintiffs have filed a motion to compel discovery, alleging Defendants have wrongfully withheld two categories of discovery (1) materials related to the value and financial condition of Bowl America during the sales and merger process (2) documents claimed to be privileged under the privilege log, as attorney client or work product privilege. ECF Nos. 109-10. In Response, Defendants claim that the requested materials in category 1 are not relevant to the sole remaining claim. As to the second category of documents, Defendants claim those documents are protected by attorney client and work product privileges. I have reviewed the pleadings, the motion, response and reply, prior Opinions by Judge Gallagher and the exhibits attached to the motions[1]. The matter is fully briefed and no hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the motion to compel is DENIED in part and GRANTED in part.

---

[1] The Court found the correspondence between counsel attached to Plaintiffs' Local Rule 104.7 certificate to be particularly helpful in better explaining the dispute.

Plaintiffs filed a Third Amended Complaint on June 21, 2022 alleging six counts of violations of securities laws and breach of fiduciary duties. ECF No. 36. The Third Amended Complaint was identical to the Second Amended Complaint with the addition of a new jurisdictional allegation contained in Paragraph 31. ECF 36. In the Second Amended Complaint, Judge Gallagher dismissed all claims against the parties with the exception of the claim that the Director Defendants breached their fiduciary duties of care and good faith in approving the Company Termination Fee as part of a merger transaction. ECF No. 32 at 25. On July 21, 2022 Defendants filed motions to dismiss the Third Amended Complaint. ECF Nos. 38, 39. This Court issued an Opinion dismissing all counts of the Third Amended Complaint again except as to the termination fee.

> For the reasons set forth above, Defendant D&P's Motion to Dismiss, ECF 39, is granted, as is the remaining Defendants' Motion to Dismiss, ECF 38, as to Defendants Bowl America and Bowlero. The claims against those corporate defendants are dismissed without prejudice and they are terminated as defendants in this case. Similarly, all counts of the TAC against the Director Defendants are again dismissed without prejudice, except the claim that the Director Defendants breached their fiduciary duties of care and good faith in approving the Company Termination Fee. ECF No. 52 at 8.

Rule 26 provides that parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking discovery has the burden to establish its relevancy and proportionality, at which point the burden shifts to the party resisting discovery to demonstrate why the discovery should not be permitted. *Bost v. Wexford Health Sources, Inc.*, No. ELH-15-3278, 2020 WL 1890506, at *8 (D. Md. Apr. 15, 2020) (citing *Mach. Sols. Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 526 (D.S.C. 2018)); *United Oil Co. v. Parts Ass'n*, 227 F.R.D. 404, 411 (D. Md. 2005).

If a party fails to make a disclosure required by Rule 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

"[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Oppenheimer v. Episcopal Communicators, Inc.*, No. 1:19-cv-00282-MR, 2020 WL 4732238, at *2 (W.D.N.C. Aug. 14, 2020); *see Basf Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, No. 2:17-cv-503, 2019 WL 8108060, at *2 (E.D. Va. July 3, 2019) (citation omitted). The court has broad discretion in deciding to grant or deny a motion to compel. *See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court."); *Mach. Sols., Inc. v. Doosan Infracore. Am. Corp.*, No. 3:15-cv-03447-JMC, 2018 WL 573158, at *2 (D.S.C. Jan. 26, 2018).

### The Timeliness of Defendants' Reply

Plaintiffs initially argue that Defendants failed to file a timely response to the Motion to Compel served upon them. The parties do not dispute the timing of the response. However, Defendants argue that they were still negotiating the discovery dispute and believed the motion was being used as a framework to resolve the disputes. While Plaintiffs are technically correct,

3

there is no evidence that Plaintiffs have suffered any prejudice in the later filed response by Defendants. District courts exercise broad discretion over discovery issues. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016) (citing *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402–03 (4th Cir. 2003)). In this case, Defendants were acting in good faith in continuing to resolve discovery disputes and absent any real prejudice to Plaintiffs, the Court will DENY granting the motion to compel on such procedural grounds.

**The Category 1 Documents**

With respect to the documents relating to the value and financial condition of Bowl America, Defendants argue that the intervention of COVID-19 rendered any financial status pre-COVID irrelevant. Defendants' position is that the pandemic had such a drastic impact on the value of Bowl America, that pre-COVID information could not reflect the value of Bowl America at the time of the actual sale and merger which occurred during the pandemic.

> "Ultimately the only valuation datapoint that matters in this action is Deff & Phelps' fairness opinion, which concluded that Bowlero's $44 million purchase price was fair, from a financial point of view, to the shareholders of Bowl America in light of its conclusion that Bowl America was worth between $34.8 million and $39.7 million as of the execution date of the merger agreement." ECF No. 114 at 5.

Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed. R. Civ. P. 26(b)(1). *Lynn v. Monarch Recovery Management, Inc.*, 285 F.R.D. 350, 355 (D.Md. 2012). Federal Rule of Civil Procedure 26(b)(2)(C) "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010). Under that rule, the court, acting *sua sponte* or at a party's request, "must limit the frequency or extent of discovery" if: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive";

4

(ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

In this case, I agree with Defendants. This Court has limited the issues for litigation simply to the termination fee and whether there was a breach of fiduciary duty by the Director Defendants in paying that fee. The pre-Covid value of the company has no relevance to the vaulue of the company at the time of acquisition and thus no relevance to the termination fee itself. Plaintiffs continue to state in a conclusory fashion that the information is "patently relevant to the claims that Defendants acted in bad faith in agreeing to the terms of the merger including the termination fee, but is equally important to issues of Defendants' state of mind, possible bad faith, and damages". ECF No. 110 at 9. Plaintiffs just don't say how.

Plaintiffs argue that "...Pre Pandemic financial information is relevant to the issue of damages because this information was all part of the same sales process, and Plaintiffs allege that the Termination Fee prevented other bidders from reemerging in negotiations"..ECF No. 110 at 11. Plaintiffs further argue that determining the value of real estate holdings before, during, and after the Pandemic is critical to determining whether there was any change in the Company's value." *Id.* Going back to the Opinion from Judge Gallagher, there is only 1 single claim and that is whether the Defendants breached their duty in payment of a Termination Fee. The change in value from pre-Covid to 2021 sale is not relevant to the narrow issue before the Court. The only sales process that is before the Court is at the actual time of the sale in 2021 and the Termination Fee imposed.

The reasons presented are wholly conclusory and lack any support that would convince this Court of their relevance to the remaining issue at hand. While it is Defendants' burden to justify withholding that information, I find they have met that burden. The information sought is clearly not relevant nor proportional to the needs of the case, As Defendants also state, Plaintiffs have all of the relevant valuations from the D&P disclosures, both pre-Covid as well as the value of Bowl America at the time of the merger. Applying the yardstick of proportionality, Plaintiffs come up way short of proving relevance and therefore their motion to compel the first category of documents is DENIED.

### The Category 2 Privileged Documents

### The Attorney Client Privilege

The attorney-client privilege ranks among the oldest and most established evidentiary privileges known to our law. *United States v. Jicarilla Apache Nation*, 564 U.S. 162,165 (2011). The privilege is intended to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). The attorney-client privilege is established where there is a (1) communication (2) between privileged persons (3) in confidence (4) for the purposes of seeking, obtaining, or providing legal assistance to the client. *Flo'Pac, LLC v. NuTech LLC,* No. WDQ-09-510, 2010 WL 5125447 at *6 (D. Md. Dec. 9, 2010).

> "For communications between an attorney and his or her client to be privileged, they must have been made primarily for the purpose of obtaining legal advice or services from the attorney. *Upjohn Co.,* 449 U.S. at 389; *In re Grand Jury Proceedings (John Doe),* 727 F.2d 1352, 1355 (4th Cir.1984). As with all other elements of the attorney client privilege, the scope of the privileged communication is a narrow one. *In re Grand Jury Proceedings,* 727 F.2d at 1355. This Court determines whether a communication is protected by the attorney-client privilege by inquiring into the "primary purpose" of the communication and considering the specific context in which the communication was

6

made. *United States v, Cohn,* 303 F.Supp.2d 672,683 (D. Md. 2003), *see Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B,* 230 F.R.D. 398, 410–11 (D.Md.2005) (stating that the district's "primary purpose" test was consistent with the Fourth Circuit's "but for" test, which requires privilege claimants to demonstrate that the communication would not have taken place but for the need for legal advice)." *Flo Pac, LLC* at 6.

Plaintiffs first allege they are entitled to emails that were sent from counsel to Allan Sher via his wife's email address, since she is not a party. Defendants argue that the use of a third party's email does not destroy the privilege simply because it is addressed to Ms. Sher. ECF No. 114 at 12. The Court agrees. Defendants rely upon this Court's decision in *Neighborhood Dev. Collaborative v. Murphy,* 233 F.R.D. 436, 439 (D. Md. 2005).

> As such, Plaintiffs reliance on *Lindsey* is misplaced. *Lindsey's* core holding—that, "[i]n considering whether a client's communication with his or her lawyer through an agent is privileged under the intermediary doctrine, the *critical factor* is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer," *id.* at 1280. (*citing In re Lindsey,* 158 F.3d 1263 (D.C.Cir.1998)).

In this case, Defendants provide sufficient support that the communications between counsel and Mr. Sher were made in confidence for the purpose of obtaining legal advice. The fact that his wife provided technical support for Mr. Sher to receive those communications does not destroy the most venerable privilege between counsel and client. The Motion to Compel is DENIED as to these communications.

Likewise Defendants argue that the intermediary doctrine also applies to communications between Duff & Phelps and Foley. The Court agrees. "Duff and Phelps acted as the Company's agent, advising Foley and the Board on aspects of the sale process, including communications with potential interested parties, analysis of various information, and negotiations of price and deal terms." ECF No. 114 at 15, Defendants and Foley had a reasonable expectation that communications would be confidential. This expectation of privilege is supported by Affidavit of

7

John Wolfel. I find the intermediary doctrine applies here as to these communication and the motion to compel is DENIED as to these communications.

Plaintiffs request disclosure of two emails and one attachment sent from Defendants to opposing counsel, DLA Piper, LLP. Since DLA represented Bowlero in the sale process, there is no privilege and those documents must be disclosed. There is no response to Plaintiffs argument as to these documents. Defendants must produce those documents to Plaintiffs. The Motion as to the two emails and one attachment is GRANTED.

**The Work Product Privilege**

The work product privilege protects the work of the attorney done in preparation for litigation. The Supreme Court's decision in *Hickman v. Taylor,* 329 U.S. 495, 509–14 (1947), has guided work product doctrine. The Court wrote:

> "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney. *Hickman,* 329 U.S. at 510, 67 S.Ct. at 393. The rule has been codified in Federal Rule of Civil Procedure 26(b)(3). "[E]xpressed in the Federal Rules in terms of discoverability of relevant material in civil cases, the work product principle also applies to criminal trials and grand jury proceedings." *In re John Doe,* 662 F.2d 1073, 1078 (4th Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982). Courts have analyzed the work product privilege in two contexts— fact work product and opinion work product. Both are generally protected and can be discovered only in limited circumstances. Fact work product can be discovered upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship. *Id.* at 1080. Opinion work product is even more scrupulously protected as it represents the actual thoughts and impressions of the attorney, and the protection can be claimed by the client or the attorney. *Id.* at 1079–80." *In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991,* 33 F.3d 342, 348 (4th Cir. 1994).

Plaintiffs move this Court to compel disclosure of documents prepared by Duff & Phelps arguing that the attorney work product privilege requires that the documents be prepared in anticipation of litigation. Plaintiffs allege that since there was no litigation pending at the time the documents were created, no privilege applies. ECF No. 110 at 17.

8

As stated above, the communications between Duff & Phelps, Foley and Defendants are privileged since Duff & Phelps was an agent for Defendants. Those documents, integral to the communications between the client, counsel and agent, while not prepared for litigation that existed at the time or was imminent, Defendants maintained a right of confidentiality in those materials. To permit disclosure would be an end run around the communications otherwise denied Plaintiffs. It is also reasonable to expect litigation under these circumstances as well. Even if disclosure was required, the Court "must protect against disclosure of the mental impressions, conclusions, opinions or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Defendants respond that the documents requested to in fact contain the mental impressions, conclusions, opinions or legal theories of their attorneys and Duff & Phelps, Defendants' representative concerning the litigation. The Motion to Compel disclosure of work product materials between Duff & Phelps, Foley and Defendants is DENIED.

The Court also notes that Plaintiffs lean upon Rule 612 stating they are entitled to documents that Defendants' witnesses relied upon to refresh their recollection in preparation for their depositions. ECF No. 110 at 18. This broad construction of Rule 612 is not warranted. In fact in the Committee Notes the Committee stated "[t]he committee intends that nothing in the Rule be construed as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory". Fed. R. Evid. 612, Committee Notes, 1974 Enactment. Plaintiffs reliance upon Rule 612 is misplaced.

The caveat to the denial in part of the motion to compel is that Defendants shall provide any documents that relate to the termination fee. It is noted in several aspects of Plaintiffs' pleading, particularly the attachments to Local Rule 104.7 and 104.8 certificate, that Plaintiffs have made the requests but it is unlear whether all non-privileged responsive documents have been

disclosed. Defendants are ordered to produce all non-privileged responsive documents and specifically advise Plaintiffs of any privileged documents that relate to the termination fee and the basis for claiming privilege, if any do in fact exist.

District courts have "wide latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 683 (4th Cir. 1986); *Middleton v. Nissan Motor Co.*, No. 10–2529, 2012 WL 3612572, at *2 (D.S.C. Aug. 21, 2012). The latitude given to district courts "extends as well to the manner in which [they] order the course and scope of discovery." *Ardrey*, 798 F.2d at 683.

**Conclusion**

For the reasons set forth above, Plaintiffs Motion to Compel is DENIED in part and GRANTED in part, consistent with this Opinion. A separate Order will follow.

Date: _7 December 2023_

_____
A. David Copperthite
United States Magistrate Judge