EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| SHERYL COHEN FINE, *et. al.*, | Case No. 1:21-cv-01967-SAG |
| Individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| BOWL AMERICA, INC., *et. al.*, | |
| Defendants. | |

---

**STIPULATION AND AGREEMENT OF
SETTLEMENT**

---

This Stipulation and Agreement of Settlement (with the Exhibits hereto, the "Stipulation," and the settlement contemplated hereby, the "Settlement") in the above-captioned action (the "Action"), filed in the United States District Court for the District of Maryland (the "Court"), is made and entered into as of August 27, 2024 by and between (i) Court-appointed class representatives Sheryl Cohen Fine ("Fine") and John Risner ("Risner") (together "Class Representatives" or "Plaintiffs"), on behalf of themselves and all other members of the Class (defined below) and (ii) Defendants Cheryl A. Dragoo, Merle Fabian, Nancy E. Hull, Gloria M. Bragg and Allan L. Sher (deceased), and (iii) Bowl America, Inc. ("Bowl America" or the "Company") and Bowlero Corp. ("Bowlero"), by and through their respective undersigned counsel, to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims (defined below) and result in the complete dismissal of the Action with prejudice, upon and subject to the terms and conditions hereof and subject to the Court's approval.[1]

---

[1] Capitalized terms have the meanings set forth in the "Definitions" section below or as otherwise defined in this Stipulation.

**RECITALS**

**WHEREAS:**

**Summary of the Action**

A.      On May 27, 2021, Bowl America and Bowlero  entered  into  an Agreement and Plan of Merger (such merger agreement with any amendments thereto, the "Merger Agreement"), pursuant to which, among other things, Bowlero would acquire all of the outstanding shares of Bowl America common stock for $44 million not including a special dividend of $0.60 per share payable to Bowl America stockholders at the closing (the "Merger").

B.      On August 11, 2021, with Defendants holding a majority of the voting stock of Bowl America, stockholders voted to approve the Merger. On August 18, 2021, the Merger closed with Bowlero paying $8.53 for each share of Bowl America common stock outstanding, and Bowl America paying a special dividend of $0.60 per share.

C.      Prior to commencing the Action, Lead Plaintiffs, through Co-Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses.

D.      On August 4, 2021, Anita G. Zucker, Trustee of the Anita G. Zucker Trust Dated April 4, 2007, as Subsequently Amended or Restated, and Anita G. Zucker, Trustee of the Article 6 Marital Trust, Under the First Amended and Restated Jerry Zucker Revocable Trust dated April 2, 2007 (the "Trusts") commenced an action on their own behalf and on behalf of all other similarly situated  Bowl  America  stockholders,  against  Defendants,  Ruth  Macklin  ("Macklin"),  Bowl

3

America, Bowlero, and Duff & Phelps Securities LLC ("Duff & Phelps")[2], asserting claims under Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 14a-9 promulgated thereunder, and under Maryland law for breach of fiduciary duty and aiding and abetting breach of fiduciary duty in connection with the Merger.[3]

E.    By Order dated October 6, 2021 (ECF No. 8), the Court appointed the Trusts as Lead Plaintiffs and Cohen Milstein Sellers & Toll PLLC and Kohrman Jackson & Krantz LLP as Co-Lead Counsel.

F.    On November 29, 2021, Lead Plaintiffs filed a Second Amended Class Action Complaint ("Second Amended Complaint") (ECF No. 25). The Second Amended Complaint asserted similar causes of action for securities law violations, breach of fiduciary duty, and aiding and abetting against Duff & Phelps and Bowlero.

G.    On January 28, 2022, all defendants (which at that time included Macklin, Bowl America, Bowlero and Duff & Phelps) moved to dismiss all claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

H.    Following completion of briefing on the motion to dismiss, on May 27, 2022, the Court issued a Memorandum Opinion and Order (EFC Nos. 32 and 33) dismissing without prejudice Counts I, II, V, and VI of the Second Amended Complaint, and dismissing Bowl America, Bowlero and Duff & Phelps as defendants in the Action. The Court denied the motion to dismiss with respect to Lead Plaintiffs' breach of fiduciary duty claims asserted in Counts III and IV, holding that the Second Amended Complaint "plausibly states a claim that the Director Defendants breached their fiduciary duties of care and good faith in approving the Company Termination Fee."" The alleged unreasonable Termination Fee consisted of a termination fee of $1,645,000 plus reimbursement of Bowlero's documented expenses up to $3,500,000.

---

[2] Macklin, Bowl America, Bowlero and Duff & Phelps were subsequently dismissed from the Action (together, the "Dismissed Defendants").

[3] On August 5, 2021, the Trusts filed an amended complaint to correct a typographical error.

I.      On June 21, 2022, Plaintiffs filed the Third Amended Complaint (ECF No. 36), to add an additional allegation concerning this Court's supplemental jurisdiction over the remaining state law breach of fiduciary duty claims asserted in Counts III and IV.

J.      On July 21, 2022, Defendants moved again to dismiss the Third Amended Complaint, or in the alternative for a more definite statement (ECF No. 38).

K.      On August 17, 2022, Plaintiffs filed a Motion for Scheduling Order and Discovery (ECF Nos. 40, 41, and 42).

L.      On August 22, 2022, Plaintiffs filed their opposition to Defendants' Motion to Dismiss the Third Amended Complaint (ECF No. 43).

M.      After briefing was completed, on October 11, 2022, the Court issued a Memorandum Opinion and Order (ECF Nos. 52 and 53) which granted, in part, and denied, in part, the second motion to dismiss. The Court also denied Plaintiffs' Motion for Scheduling Order and Discovery and terminated Duff & Phelps, Bowl America and Bowlero as Defendants in the case. (ECF Nos. 51 and 53).

N.      Also, on October 11, 2022, the Court issued a Scheduling Order which required the Parties to submit a joint status report on March 9, 2023. (ECF No. 51).

O.      On October 26, 2022, Defendants filed their answer to the Third Amended Complaint (ECF No. 55), denying the remaining allegations and asserting certain affirmative defenses.

P.      On November 14, 2022, the Court entered an Amended Scheduling Order requiring a Status Report to be filed on July 26, 2023. (ECF No. 57).

Q.      On December 7, 2022, the Court approved the Stipulation and Order Regarding Confidentiality of Discovery Material. (ECF No. 59).

R.      On February 1, 2023, the Court approved the Stipulation and Proposed Order Regarding Plaintiffs' Motion for Class Certification. (ECF No. 61).

S.      By Order dated February 6, 2023, the Court approved the joinder of Fine and Risner as additional named plaintiffs in the Action. (ECF No. 63).

T.      On February 17, 2023, Lead Plaintiffs and proposed class representatives, Fine and Risner, filed their motion for class certification seeking to represent minority stockholders of Bowl America.[4] (ECF Nos. 64 and 65).

U.      On February 21, 2023, Defendants filed an Amended Answer to the Third Amended Complaint. (ECF No. 66).

V.      On March 15, 2023, the Court entered an Order Granting Stipulation of Dismissal of Defendant Ruth Macklin without prejudice. (ECF No. 71).

W.      On March 20, 2023, Defendants filed their opposition to Plaintiff's motion for class certification (ECF No. 73).

X.      After full briefing, the Court held a class certification hearing on June 2, 2023. (ECF No. 84). On June 15, 2023, the Court issued a Memorandum Opinion and Order certifying the proposed class. (ECF Nos. 85 and 86). The Court denied Lead Plaintiffs' motion to be appointed as class representatives but appointed Plaintiffs Fine and Risner to serve as class representatives and appointed Cohen Milstein Sellers & Toll PLLC and Kohrman Jackson & Krantz LLP as Class Counsel.

Y.      On August 11, 2023, the Court entered an Order Regarding an Amended Case Schedule. (ECF No. 89).

Z.      Between November 2022 and December 2023, the Parties engaged in fact and expert discovery: (i) Plaintiffs propounded 17 requests for the production of documents to Defendants, served 37 requests for admission directed to Defendants, and served subpoenas on several non-parties; (ii) Plaintiffs obtained and reviewed approximately 23,373 pages of documents

---

[4] Lead Plaintiffs, the Trusts, continued to lead the litigation until June 15, 2023, when the Court appointed plaintiffs Fine and Risner as Class Representatives.

from their discovery requests; (iii) Plaintiffs conducted 6 depositions of Defendants and non-parties and 2 expert depositions; (iv) Plaintiffs each responded to 19 document requests and 14 interrogatories  (not including sub-parts) propounded by Defendants and produced approximately 1,647 pages of documents in response to Defendants' discovery requests; (v) Plaintiffs Fine and Risner provided deposition testimony; (vi) the Parties engaged in multiple written and telephonic meet and confer sessions regarding discovery, class certification pleadings, and case scheduling matters; and (vii) the Parties engaged in full expert discovery including preparation of reports and depositions.

AA.    On October 13, 2023, the Court entered an Order dismissing the Trusts from the Action without prejudice. (ECF No. 92).

BB.    On September 15, 2023, Plaintiffs served (not filed, per the Court's local rules) Defendants with a motion to compel the production of certain documents withheld on the basis of the attorney client and work-product privileges (Motion to Compel"). On October 13, 2023, Plaintiffs filed their Motion to Compel. On October 27, 2023, Defendants filed their opposition to Plaintiffs' Motion to Compel. On November 8, 2023, Pursuant to Local Rule 104.7, Plaintiffs served their reply brief in support of the Motion to Compel. On November 13, 2023, Plaintiffs filed the Motion to Compel briefing with the Court regarding the assertion of attorney client and work product privilege.

CC.    In a Memorandum Opinion dated December 7, 2023, Magistrate Judge A. David Copperthite granted in part and denied in part Plaintiffs' Motion to Compel. (ECF Nos. 121 and 122).

DD.    On February 1, 2024, Plaintiffs filed a Motion for Partial Summary Judgment on liability with respect to Defendants' breach of fiduciary duty in approving the alleged unreasonable Termination Fee that exceeded 11% of the purchase price paid by Bowlero. (ECF Nos. 125, 126, 127, 128, and 129).

EE.    On March 4, 2024, Defendants filed their Cross-Motion for Summary Judgment on

the affirmative defenses of exculpation and the business judgment rule, and also filed their Opposition to Plaintiffs' Motion for Partial Summary Judgment. (ECF Nos. 130, 131, and 132).

FF.    On April 3, 2024, Plaintiffs filed their combined Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment and their Reply in Further Support of their Motion for Partial Summary Judgment. (ECF Nos. 134, 135, 136, and 137).

GG.    On April 18, 2024, Defendants filed their Reply in Further Support of their Motion for Summary Judgment. (ECF Nos. 139 and 140).

HH.    By Order dated April 26, 2024 (ECF No. 141), the Court referred the parties to this Action to Magistrate Judge Adam B. Abelson ("Magistrate Judge Abelson") for a settlement conference. Pursuant to that Order, the parties engaged in an in-person mediation session with Magistrate Judge Abelson on June 7, 2024. The session ended without any agreement being reached. The Parties continued discussions with Magistrate Judge Abelson following the mediation to further explore the possibility of a settlement.

II.    After further discussions with Magistrate Judge Abelson, on June 26, 2024, he made a mediator's proposal to settle the action for two million one hundred seventy-five thousand dollars ($2,175,000.00). On July 2, 2024, Magistrate Judge Abelson communicated that both sides accepted the proposed settlement.

JJ.    This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement between the Parties.

**NOW THEREFORE**, without any concession by Plaintiffs that the Action lacks merit, and without any admission or concession by Defendants of any liability or wrongdoing or lack of merit of their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation (the "Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), that, in consideration of the benefits flowing to the Class, all

Released Plaintiffs' Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

### A.    <u>Definitions</u>

1.       As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)       "Action" means the civil action captioned *Fine, et. al., v. Bowl America Inc., et. al.*, Case No. 1:21-cv-01967-SAG, pending in the United States District Court for the District of Maryland before the Honorable Stephanie A. Gallagher.

(b)       "Administration Costs" means all costs, fees, and expenses associated with the administration or disbursement of the Settlement Fund, including, without limitation, calculating payments to Eligible Stockholders or resolving any dispute relating thereto, or any other cost, fee, or expense otherwise incurred by the Settlement Administrator or Co-Lead Counsel in administering or carrying out the terms of the Settlement.

(c)       "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(d)       "Authorized Claimant" means a Class Member who the Settlement Administrator determines is eligible to receive payment from the Net Settlement Fund and is otherwise not excluded from the Class.

(e)       "Class" means the Class certified by the Court on June 15, 2023 which means all holders of Bowl America Class A common stock who, as of May 27, 2021, were entitled to vote on the Merger and continued to hold such stock until the closing of the Merger on August

18, 2021. The Class excludes the Defendants, their family members, heirs, and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants. Members of the Class are referred to as "Class Members". Excluded Persons is defined in paragraph 1(s). The Class certified by the Court is the Class for purposes of this Settlement.

(f)    "Class Distribution Order" means an order authorizing distribution of the Net Settlement Fund.

(g)    "Closing Date" means August 18, 2021, the date of the closing of the Merger between Bowl America and Bowlero.

(h)    "Co-Lead Counsel" or "Class Counsel" means the law firms of Cohen Milstein Sellers & Toll PLLC and Kohrman Jackson & Krantz LLP.

(i)    "Defendants" means Cheryl A. Dragoo, Merle Fabian, Nancy E. Hull, Gloria M. Bragg and Allan L. Sher (deceased).

(j)    "Defendants' Counsel" means the law firms of DLA Piper LLP (US) and Foley & Lardner LLP.

(k)    "DTC" means the Depository Trust Company.

(l)    "DTC Participants" means the brokers, dealers, banks, trust companies, clearing corporations, and other financial organizations on whose behalf DTC holds securities.

(m)    "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶20 below.

(n)    "Eligible Beneficial Holder" means the ultimate beneficial owner of any shares of Bowl America common stock held of record by Cede & Co. at the time such shares were converted into the right to receive the Merger Consideration in connection with the Merger, provided that no Excluded Person may be an Eligible Beneficial Holder.

(o)    "Eligible Record Holder" means the record holder of any shares of Bowl America common stock, other than Cede & Co., at the time such shares were converted into

the right to receive the Merger Consideration in connection with the Merger, provided that no Excluded Person may be an Eligible Record Holder.

(p)     "Eligible Stockholders" means Eligible Beneficial Holders and Eligible Record Holders.

(q)     "Escrow Account" means the separate escrow account maintained at Huntington Bank, wherein the Settlement Amount shall be deposited and held for the benefit of the Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(r)     "Escrow Agent" means Co-Lead Counsel.

(s)     "Excluded Persons" means: (a) Defendants; (b) members of the Immediate Family of any Defendant; (c) former Defendant Macklin and any members of her Immediate Family; (d) any Person who was an officer or director of Bowl America as of the Closing Date and any members of their Immediate Family; (e) any parent, subsidiary, or entity affiliate of Defendants or Macklin, as applicable; (f) any entity in which any Defendant or any other excluded person or entity has, or had as of the Closing Date, a controlling interest; (g) the legal representatives, heirs, estates, successors, or assigns of any such excluded persons or entities and (h) any Person who submits a Request for Exclusion that is accepted by the Court.  Each of the Excluded Persons is an "Excluded Person".

(t)     "Exhibits" means the exhibits attached hereto.

(u)     "FDIC" means the Federal Deposit Insurance Corporation.

(v)     "Fee and Expense Application" means Co-Lead Counsel's application for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the case, including any reasonable costs and expenses of any representative party pursuant to 15 U.S.C. § 78u-4(a)(4) of the PSLRA.

(w)     "Final," with respect to a court order, including the Judgment or Alternative Judgment, means the later of: (i) if there is an appeal from a court order the date of final affirmance

on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses to Co-Lead Counsel, shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(x)     "Immediate Family(ies)" means, as set forth in 17 C.F.R. § 229.404, children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. "Spouse," as used in this definition, means a husband, a wife, or a partner in a state-recognized domestic partnership, civil union, or marriage.

(y)     "Insurance Carriers" means each and every insurance company underwriting the D&O insurance policies comprising Bowl America's D&O insurance coverage applicable to this Action.

(z)     "Lead Plaintiffs" means the Trusts.

(aa)    "Litigation Expenses" means the costs and expenses incurred by Co-Lead Counsel in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs and Lead Plaintiffs directly related to their representation of the

Class pursuant to the PSLRA), for which Co-Lead Counsel intend to apply to the Court for payment from the Settlement Fund.

(bb)    "Merger Consideration" means the $8.53 per share received by Bowl America stockholders from Bowlero upon closing of the Merger plus the $0.60 dividend paid by Bowl America.

(cc)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and Litigation Expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and any other fees and expenses approved by the Court.

(dd)    "Notice" means the long-form Notice of Pendency and Proposed Settlement of Stockholder Class Action, Settlement Hearing, and Motion for Attorneys' Fees and Expenses to be sent to Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

(ee)    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(ff)    "Order and Final Judgment" means the Order and Final Judgment to be entered in the Action substantially in the form attached hereto as Exhibit B, or as modified by agreement of the Parties in writing.

(gg)    "Person(s)" means any individual, natural person, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust,

unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(hh)    "Plan of Allocation" means any plan for the distribution of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(ii)    "Postcard Notice" means the postcard notice concerning the Action and Settlement to be sent to Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

(jj)    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(kk)    "Released Claims" means "Released Defendants' Claims" and "Released Plaintiffs' Claims".

(ll)    "Released Defendant Parties" means Defendants and the Dismissed Defendants and each of their respective former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them, in their capacities as such; and the predecessors, successors, assigns, estates, Immediate Family, heirs, executors, trusts, trustees, administrators, agents, legal representatives, and assignees of each of them, in their capacities as such, as well as any trust of which any Released Defendant Party is the settlor or which is for the benefit of any of their Immediate

14

Family members.

(mm) "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Defendants and Dismissed Defendants: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action. Released Defendants' Claims shall not include claims to enforce the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

(nn) "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(oo) "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Class: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action. Released Plaintiffs' Claims shall not include claims to enforce the Settlement.

(pp) "Released Plaintiff Parties" means each and every Class Member, Class Representatives, Lead Plaintiffs, Plaintiffs' Co-Lead Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited

15

partners or partnerships, and limited liability companies; and the spouses, Immediate Families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their Immediate Family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

(qq)    "Releases" means the releases set forth in Paragraph 10 of this Stipulation.

(rr)    "Securities Transfer Records" means the stock transfer records maintained by or on behalf of Bowl America listing the names, mailing addresses, and, if available, email addresses for all registered holders of Bowl America common stock as of the date that the Merger was completed.

(ss)    "Settlement Administrator" means the firm to be retained by Co-Lead Counsel, subject to Court approval, to provide all notices approved by the Court to potential Class Members, and to administer the Settlement.

(tt)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(uu)    "Settlement Amount" means the total principal amount of two million one hundred seventy-five thousand U.S. dollars ($2,175,000.00) in cash.

(vv)    "Settlement Fund" means the Settlement Amount and any interest or income earned thereon.

(ww)    "Settlement Hearing" means the hearing to be held by the Court to determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(xx)    "Settlement Website" means a website maintained by the Settlement Administrator and Co-Lead Counsel to provide information and documents concerning the Action and the Settlement, including the Notice, to the Class.

(yy)    "Stipulation" means this Stipulation and Agreement of Settlement.

(zz)    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

(aaa)    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(bbb)    "Termination Notice" means written notice of a Party's election of their right to terminate the Settlement and this Stipulation pursuant to paragraph 42.

(ccc)    "Unknown Claims" means any and all Released Plaintiffs' Claims that Plaintiffs or any other Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly, and each other Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the**

**release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the Action, the Released Plaintiffs' Claims or the Released Defendants' Claims, but Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

**B.      Scope of Settlement**

2.      The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and to the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Plaintiffs' Claims and Released Defendants' Claims.

3.      Upon entry of the Order and Final Judgment, the Action shall be dismissed in its entirety and with prejudice. Plaintiffs and Defendants shall each bear his, her, or its own fees, costs, and expenses, except as expressly provided in this Stipulation; provided, however, that nothing herein shall affect Defendants' rights to, and claims for, advancement or indemnity of their legal fees, costs, and expenses in connection with the Action, the Settlement, or any of Plaintiffs' Released Claims, nor any claims that the Defendants may have against their respective insurers, co-insurers, or reinsurers, including, but not limited to, the Insurance Carriers.

**C.**    **Plaintiffs' Claims and the Benefits of the Settlement**

4.    Plaintiffs believe that the claims asserted in the Action have merit, but also believe that the Settlement set forth herein provides substantial and immediate benefits for the Class. In addition to the substantial monetary benefit, Plaintiffs and Class Counsel have considered: (i) the attendant risks of continued litigation and the uncertainty of the outcome of the Action; (ii) the probability of success on the merits; (iii) the inherent problems of proof associated with, and possible defenses to, the claims asserted in the Action; (iv) the desirability of permitting the Settlement to be consummated according to its terms; (v) the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals; and (vi) the conclusion of Plaintiffs and Class Counsel that the terms and conditions of the Settlement and this Stipulation are fair, reasonable, and adequate, and that it is in the best interests of the Class to settle the claims asserted in the Action on the terms set forth herein.

**D.**    **Defendants' and Dismissed Defendants' Denial of Wrongdoing and Liability**

5.    Defendants and Dismissed Defendants deny any and all allegations of wrongdoing, fault, liability, or damages with respect to Plaintiffs' Released Claims, including, but not limited to, any allegations that Defendants or Dismissed Defendants have committed any violations of law or breach of any duty owed to Bowl America stockholders, that the stockholder vote in favor of the Merger was not fully informed, that the disclosures concerning the Merger were inadequate, that the Merger was not entirely fair to, or in the best interests of, Bowl America stockholders, that Defendants or Dismissed Defendants have acted improperly in any way, that Defendants or Dismissed Defendants have any liability or owe any damages of any kind to Plaintiffs and/or the Class, and/or that any Defendant or Dismissed Defendant was unjustly enriched in the Merger. Defendants and Dismissed Defendants maintain that their conduct was at all times proper and in compliance with applicable law, and the Defendants and Dismissed Defendants further maintain that their conduct was at all times in the best interests of Bowl America and its stockholders.

19

Defendants and Dismissed Defendants also deny that Bowl America's stockholders were harmed by any conduct of Defendants or Dismissed Defendants that was alleged, or that could have been alleged, in the Action. Each of the Defendants and Dismissed Defendants asserts that, at all relevant times, such Defendant or Dismissed Defendant acted in good faith.

6.      Nevertheless, Defendants and Dismissed Defendants have determined to enter into the Settlement on the terms and conditions set forth in this Stipulation solely to put Plaintiffs' Released Claims to rest, finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages. For the avoidance of doubt, nothing in this Stipulation or the Settlement shall be construed as an admission by Defendants or Dismissed Defendants of any wrongdoing, fault, liability, or damages whatsoever.

**E.      Settlement Consideration**

7.      In consideration for the full and final release, settlement, dismissal, and discharge of any and all of the Released Claims against the Released Parties, the Parties have agreed to the following:

8.      Based on Class Counsel's thorough review and analysis of the relevant facts, allegations, defenses, and controlling legal principles, Class Counsel believe that the Settlement set forth in this Stipulation is fair, reasonable, and adequate, and confers substantial benefits upon the Class. Based upon Class Counsel's evaluation, as well as their own evaluations, Plaintiffs have determined that the Settlement is in the best interests of the Class, and have agreed to the terms and conditions set forth in this Stipulation.

a.      The Settlement Payment:

i.      Defendants, Bowlero and/or Bowl America shall pay or cause the Insurance Carriers to pay the Settlement Amount (US $2,175,000.00) into the Escrow Account within ten (10) business days of the later of: (i) the Court entering the Preliminary Approval Order setting a hearing date to consider approval of the

Settlement; or (ii) after receipt by Defendants' Counsel of complete payment instructions, including a W-9, telephone and email contact information, and a physical address for the designated recipient of the payment.

ii.      Payment of the Settlement Amount shall be made by check or wire transfer into the Escrow Account.

iii.      Other than Defendants', Bowlero's and/or Bowl America's obligation to pay or cause the payment of the Settlement Amount in accordance with the terms of this Paragraph 8, no Defendant shall have any obligation whatsoever with respect to any payments into the Escrow Account or to Plaintiffs, Class Counsel, the Class, or any Class Member, or any other Person, under this Stipulation or as part of the Settlement. Defendants' Released Parties (except for the Insurance Carriers or their successors-in-interest) shall bear no personal responsibility for any payment in connection with this Stipulation or the Settlement. If the Settlement Amount is not paid in a timely manner in accordance with this Paragraph, Plaintiffs may exercise their right to terminate the Settlement under Paragraph 42 below.

b.      <u>Distribution of Net Settlement Amount/Plan of Allocation</u>:

i.      As soon as reasonably practicable after the Effective Date, the Settlement Administrator shall allocate the Net Settlement Fund among Eligible Stockholders on a pro rata, per-share basis and distribute the Net Settlement Amount to Eligible Stockholders in the manner set forth in the Plan of Allocation:

ii.      For Eligible Beneficial Holders whose Merger Consideration was distributed through Cede & Co., as nominee for DTC, the Settlement Administrator shall send their portion of the Net Settlement Fund to DTC for distribution.

a.      The Settlement Administrator shall instruct DTC Participants to distribute the Eligible Beneficial Holders' portion of

the Net Settlement Fund to Eligible Beneficial Holders in the same manner in which the DTC Participants distributed proceeds in connection with the Merger.

b.      The Settlement Administrator shall provide DTC Participants with a list of Excluded Persons and direct the DTC Participants not to distribute any payment to any Excluded Person.

c.      DTC's sole obligation in connection with the Settlement shall be to distribute the Eligible Beneficial Holders' portion of the Net Settlement Fund to DTC Participants in accordance with this Paragraph and DTC rules and procedures, and DTC shall not be responsible for any errors in the calculation of any distribution or for any failure by the Settlement Administrator, Defendants, or Class Counsel to identify the Excluded Persons.

9.      For Eligible Record Holders, the Settlement Administrator shall send their portion of the Net Settlement Fund to the address listed on the stockholder register or other relevant books and records of Bowl America or its transfer agent.

i.      If there is any balance remaining in the Escrow Account after six (6) months from the date of initial distribution (whether by reason of tax refunds; uncashed checks; amounts returned by Excluded Persons, to the extent they receive settlement payments; or for any other reason), Class Counsel may petition the Court for reimbursement of their time at applicable hourly rates and expenses incurred in the administration of the Settlement Fund. After the Court's consideration and authorization of any such reimbursement, Class Counsel shall, if feasible, reallocate such balance among Eligible Stockholders who deposited the checks sent (or had the funds paid directly by DTC) in the initial distribution in an equitable and economic fashion. Thereafter, any balance which still remains in the Settlement Fund shall be distributed at the

Court's direction.

## F.    Effect of the Settlement and Releases

10.    Upon the Effective Date, Plaintiffs and each and every Class Member, on behalf of themselves and any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns, and transferees, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, each of the foregoing in their capacities as such only, shall have fully, finally, and forever released, settled, and discharged Defendants' Released Parties from and with respect to every one of Plaintiffs' Released Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any of Plaintiffs' Released Claims against any of Defendants' Released Parties. Upon the Effective Date, Defendants, on behalf of themselves and any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns, and transferees, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, each of the foregoing in their capacities as such only, shall have fully, finally, and forever released, settled, and discharged Plaintiffs' Released Parties from and with respect to every one of Defendants' Released Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any of Defendants' Released Claims against any of Plaintiffs' Released Parties.

## G.    Class Certification

11.    The Court's prior certification of the Class shall be binding with respect to the Settlement and this Stipulation. In the event that the Settlement or this Stipulation is terminated

pursuant to its terms or the Effective Date fails to occur, the Action shall proceed based on the Class certified by the Court on June 15, 2023.

**H.**    **Submission of the Settlement to the Court for Approval**

12.    As soon as practicable after this Stipulation has been executed, the Parties shall jointly submit this Stipulation, together with its Exhibits, to the Court, and shall jointly apply to the Court for entry of the Scheduling Order.

13.    In accordance with the Preliminary Approval Order, the Settlement Administrator shall mail, or cause to be mailed, the Notice or Postcard Notice to each Class Member at their last known address appearing in the Securities Transfer Records. Bowlero or Bowl America shall provide to the Settlement Administrator or Class Counsel, at no cost to the Settlement Fund, Class Counsel, or the Settlement Administrator, the Securities Transfer Records, in an electronically-searchable form, such as Microsoft Excel, as promptly as practicable after the execution of this Stipulation and in no event later than ten (10) business days after entry of the Preliminary Approval Order.  All record holders of Bowl America stock who held such stock on behalf of beneficial owners and who receive the Notice or Postcard Notice shall be requested to forward the Postcard Notice promptly to such beneficial owners. Class Counsel shall use reasonable efforts to provide notice to such beneficial owners by making additional copies of the Postcard Notice available for distribution.

14.    In accordance with the Preliminary Approval Order, Class Counsel or the Settlement Administrator shall also: (i) cause the Summary Notice to be published over the PR Newswire; and (ii) cause publication of the Settlement Website, where Class Members can access and download the Notice and related Settlement documents. Class Counsel and the Settlement Administrator are entitled to reimbursement from the Settlement Fund for any and all Notice Costs or Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the costs of printing and mailing the Notice or Postcard Notice, publishing the Summary Notice, publishing the Settlement Website, reimbursements to record

holders or nominee owners for forwarding the Postcard Notice to their beneficial owners, payments to DTC for a securities position and allocation report, the administrative expenses incurred and fees charged by the Settlement Administrator in connection with providing notice and administering the Settlement, and the fees, if any, of the Escrow Agent. In no event shall Plaintiffs or Defendants' Released Parties have any liability or responsibility for the Notice Costs. Bowlero or Bowl America (on behalf of Defendants) shall be responsible for providing any required notice under the Class Action Fairness Act of 2005 ("CAFA Notice"), if any, at its own expense no later than ten (10) calendar days following the filing of this Stipulation and shall provide written notice to Class Counsel of service of the CAFA Notice no later than two (2) business days of service of the CAFA Notice.

15.     Subject to Paragraph 20, the Parties and their respective attorneys agree to use their individual and collective best efforts to (i) obtain Court approval of the Settlement as soon as practicable and to effect, take, or cause to be taken all actions, and to do, or cause to be done, all things reasonably necessary, proper, or advisable under applicable laws, regulations, and agreements to consummate and make effective, as promptly as practicable, the Settlement provided for in this Stipulation and the dismissal of the Action with prejudice; (ii) cooperate fully with one another in seeking the Court's approval of the Settlement and this Stipulation; and (iii) consummate the Settlement.

16.     If the Settlement embodied in this Stipulation is approved by the Court, the Parties shall request that the Court enter the Order and Final Judgment.

**I.     Stay Pending Court Approval**

17.     The Parties hereby agree to stay the proceedings in the Action, to file no further actions against the Released Parties asserting any Released Claims, and to stay and not to initiate any and all other proceedings other than those incident to the Settlement itself, pending the occurrence of the Effective Date.  The Parties' (and any third-parties') respective deadlines to

respond to any filed or served pleadings, motions, or discovery requests are extended indefinitely. Any Party may inform the recipient of any subpoenas issued in connection with the Action (regardless of which Party issued the subpoena) that the proceedings in the Action are stayed pending approval of the Settlement and entry of the Order and Final Judgment.

18. The Parties agree to use their best efforts to seek the stay and dismissal of, and to oppose entry of any interim or final relief in favor of, any Class Member, in any other proceedings against any of Defendants' Released Parties that challenge the Settlement or otherwise assert or involve, directly or indirectly, a Plaintiffs' Released Claim against any of Defendants' Released Parties.

19. Nothing herein shall in any way impair or restrict the rights of any Party to defend this Stipulation or the Settlement or to otherwise respond in the event any Person objects to this Stipulation, the Settlement, the Order and Final Judgment, the Fee and Expense Award, or the Plan of Allocation.

## J.    Conditions of Settlement

20. The Effective Date of the Settlement shall be deemed to occur on the occurrence or written waiver of all of the following events, which events the Parties shall use their best efforts to achieve:

a. the payment in full of the Settlement Amount into the Escrow Account in accordance with Paragraph 8(a) above;

b. the Court's entry of the Order and Final Judgment, including the Releases in the form set out in this Stipulation and the dismissal with prejudice of the Action without the award of any damages, costs, or fees and expenses, except as provided for in this Stipulation; and the Order and Final Judgment becoming Final.

21. The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than fourteen (14) calendar days prior to the

Settlement Hearing. Upon receiving any request for exclusion pursuant to the Notice, Co-Lead Counsel shall promptly, and in any event no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

22.    Upon the occurrence of the Effective Date, any and all remaining interest or right of Defendants' Released Parties, including, but not limited to, the Insurance Carriers, in the Settlement Fund shall be absolutely and forever extinguished, and the Releases provided under this Stipulation shall be effective.

**K.    Attorneys' Fees and Expenses**

23.    In connection with the Settlement, Class Counsel intends to petition the Court for a Fee and Expense Award, which application will be wholly inclusive of any request for attorneys' fees and expenses and any payments to Plaintiffs or Lead Plaintiffs pursuant to 15 U.S.C. § 78u – 4(a)(4) of the PSLRA. The Parties acknowledge and agree that any Fee and Expense Award in connection with the Settlement shall be paid from the Settlement Fund and shall reduce the Settlement consideration paid to the Class accordingly. Class Counsel's application for a Fee and Expense Award is not the subject of any agreement among the Parties, except as set forth in this Stipulation.

24.    The Fee and Expense Award shall be paid from the Settlement Fund to Class Counsel immediately upon entry of the Order and Final Judgment, notwithstanding the existence of any timely filed objections to the Fee and Expense Award or any appeal or potential for appeal therefrom, or collateral attack on the Fee and Expense Award, the Settlement, or any part thereof, subject to Class Counsel's and any Plaintiff's obligation to make refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal

or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced or reversed and such order reducing or reversing the award has become Final. Class Counsel shall make the appropriate refund or repayment in full, no later than fifteen (15) business days after: (a) receiving from Defendants a notice of termination of the Settlement pursuant to the terms of this Stipulation; or (b) any order disapproving, reducing, reversing, or otherwise modifying the Fee and Expense Award has become Final.

25.      This Stipulation, the Settlement, the Order and Final Judgment, and whether the Order and Final Judgment becomes Final, are not conditioned upon the approval of any Fee and Expense Award, either at all or in any particular amount, by the Court. The Fee and Expense Award may be considered separately from this Stipulation and the proposed Settlement. Any disapproval or modification of the Fee and Expense Award by the Court or on appeal shall not (a) affect or delay the enforceability of this Stipulation or the Settlement, (b) provide any Party the right to terminate the Settlement, (c) affect or delay the binding effect or finality of the Order and Final Judgment or the release of the Released Claims against the Released Parties, or (d) prevent the occurrence of the Effective Date.

26.      Class Counsel warrants that no portion of any Fee and Expense Award shall be paid to Plaintiffs or any Class Member, except as may be approved by the Court. However, Class Counsel and Lead Plaintiffs entered into a retainer agreement at the outset of this litigation under which Lead Plaintiffs advanced Class Counsel $250,000.00 towards their attorneys' fees, subject to reimbursement from any fee award in the event the Action resulted in the payment of attorneys' fees and expenses to the class upon settlement or judgment. Pursuant to the retainer agreement, Class Counsel intends to reimburse Lead Plaintiffs' fee expenses from any attorneys' fee award made by the Court.

27.      Class Counsel shall be responsible for allocating and paying any portion of the Fee and Expense Award to any other counsel or any Class Member. Defendants' Released Parties shall

not have any liability to any counsel for any Class Member for any claimed attorneys' fees and expenses in connection with the Action or the Settlement.

## L.     The Settlement Fund

28.    The Settlement Fund shall be used to pay: (a) any Taxes or Tax Expenses; (b) any Administration Costs or Notice Costs; (c) any Fee and Expense Award awarded by the Court; and (d) any other costs or fees approved by the Court. The Net Settlement Fund shall be distributed pursuant to the Plan of Allocation proposed by Plaintiffs and Class Counsel or such other plan of allocation approved by the Court.

29.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to the Insurance Carriers pursuant to the terms of this Stipulation and/or further order of the Court.

30.    The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested in such or similar instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

31.    The Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, and Class Counsel, as administrator of the Settlement

Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for timely and properly filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k) for the Settlement Fund. Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this Paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the qualified settlement fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

32.     All Taxes and Tax Expenses shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Class Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous Paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Released Parties shall have no responsibility or liability for any such Taxes or Tax Expenses or the acts or omissions of Class Counsel or its agents with respect to the payment of Taxes or Tax Expenses, as described herein.

33.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, none of Defendants, the Insurance Carriers, any other Defendants' Released Parties, or any other Person who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever.

**M.     Settlement Administration**

34.     Plaintiffs and/or Class Counsel shall retain the Settlement Administrator to provide

notice of the Settlement to the Class and to disburse the Net Settlement Fund to Eligible Stockholders. Defendants' Released Parties shall not have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Settlement Administrator, the giving of Notice to the Class, or the disbursement of the Net Settlement Fund to Eligible Stockholders.

35.     Within ten (10) business days after entry of the Preliminary Approval Order, Defendants and their counsel shall use their reasonable efforts to provide the account information of all Excluded Persons, including but not limited to the quantity of stock owned by each Excluded Person. Defendants, at the request of Class Counsel, shall make reasonable efforts to provide such additional information as may be required to distribute the Net Settlement Fund to Eligible Stockholders and to ensure that the Net Settlement Fund is paid only to Eligible Stockholders and not to Excluded Persons, including, without limitation, making reasonable efforts to identify all Excluded Persons.

36.     Excluded Persons shall not have any right to receive any part of the Settlement Fund for his, her, or its own account(s) (*i.e.*, accounts in which he, she, or it holds a proprietary interest), or any additional amount based on any claim relating to the fact that Settlement proceeds are being received by any other stockholder, in each case under any theory, including, but not limited to, contract, application of statutory or judicial law, or equity.

37.     As soon as reasonably practicable after the Effective Date, the Settlement Administrator, at the direction of Class Counsel, shall allocate the Net Settlement Fund among Class Members on a pro rata, per-share basis and distribute the Net Settlement Fund to Class Members. Bowl America and its successor entities, including Bowlero, shall reasonably cooperate in Class Counsel's efforts to secure a security position and allocation report from DTC. Class Counsel may reimburse DTC from the Settlement Fund for reasonable costs incurred in connection with furnishing such report.

38.     The Net Settlement Fund shall be distributed to Eligible Stockholders in accordance

with the Plan of Allocation or such other plan of allocation as may be approved by the Court. Notwithstanding anything to the contrary in this Stipulation, the Plan of Allocation is not a necessary term of the Settlement or this Stipulation, and it is not a condition of the Settlement or this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in connection with the Settlement. Defendants shall not object in any way to the Plan of Allocation or any other plan of allocation, and shall not have any involvement with executing, or liability for, any Court-approved plan of allocation.

39.     The Net Settlement Fund shall be distributed to Eligible Stockholders only after the Effective Date of the Settlement and after: (a) all Notice Costs, all Administration Costs, all Taxes, and any Fee and Expense Award have been paid from the Settlement Fund or reserved; and (b) the Court has entered the Class Distribution Order. At such time that Class Counsel, in its sole discretion, deems it appropriate to move forward with the distribution of the Net Settlement Fund to the Class, Class Counsel will apply to the Court, on notice to Defendants' Counsel, for the Class Distribution Order.

40.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members. Plaintiffs, Defendants, and the other Defendants' Released Parties, and each of their respective counsel, shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the determination, administration, or calculation of any payment from the Net Settlement Fund, the nonperformance of the Settlement Administrator or a nominee holding shares on behalf of a Class Member, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

41.     All proceedings with respect to the administration of the Settlement and distribution

pursuant to the Class Distribution Order shall be subject to the exclusive jurisdiction of the Court.

**N.**    **Termination of Settlement; Effect of Termination**

42.    Plaintiffs and Defendants (with Defendants in this instance constituting a Defendant group that unanimously agrees amongst themselves) shall each have the right to terminate the Settlement and this Stipulation by providing a Termination Notice to the other parties to this Stipulation within thirty (30) calendar days of: (a) the Court's refusal to enter the Scheduling Order in any material respect and such refusal decision has become Final; (b) the Court's refusal to approve this Stipulation, the Settlement, or any part of it that materially affects any Party's rights or obligations hereunder and such refusal decision has become Final; (c) the Court's refusal to enter the Order and Final Judgment in any material respect and such refusal decision has become Final; or (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by an appellate court and such appellate decision has become Final. In addition to the foregoing, Plaintiffs shall have the unilateral right to terminate the Settlement and this Stipulation, by providing a Termination Notice within thirty (30) calendar days of any failure of the full payment of the Settlement Amount into the Escrow Account in a timely manner in accordance with Paragraph 9(a) of this Stipulation. For the avoidance of doubt, the Parties stipulate and agree that any change to the scope or substance of the Releases provided for in this Stipulation and the Settlement would constitute a material change that gives rise to each of the Parties' rights to terminate this Stipulation and the Settlement. Neither a modification nor a reversal on appeal of any Fee and Expense Award awarded by the Court or any order modifying or rejecting the Plan of Allocation shall be deemed a material modification of the Order and Final Judgment or this Stipulation.

43.    In the event that the Settlement is terminated pursuant to the terms of Paragraph 42 of this Stipulation or the Effective Date otherwise fails to occur for any other reason, then (a) the Settlement and this Stipulation (other than this Paragraph 43 and Paragraphs [44, 45, 63, and 64] of this Stipulation) shall be canceled and terminated; (b) any judgment entered in the Action and

any related orders entered by the Court shall in all events be treated as vacated, *nunc pro tunc*; (c) the Releases provided under the Settlement shall be null and void; (d) the fact of, and negotiations and other discussions leading to, the Settlement shall not be admissible in any proceeding before any court or tribunal; (e) all proceedings in the Action shall revert to their status as of immediately prior to the Parties' agreement in principle to settle the Action on July 2, 2024, and no materials created by or received from any Party that were used in, obtained during, or related to the Settlement discussions shall be admissible for any purpose in any court or tribunal, or used, absent consent from the disclosing Party, for any other purpose or in any other capacity, except to the extent that such materials are otherwise required to be produced during discovery in the Action or in any other litigation; (f) the Parties shall proceed in all respects as if the Settlement and this Stipulation (other than this Paragraph) had not been entered into by the Parties; and (g) within thirty (30) calendar days after joint written notification of termination is sent by the Parties' counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and any other change in value as a result of the investment of all or any portion of the Settlement Fund, and any funds received by Class Counsel consistent with Paragraph 24 of this Stipulation), less any Notice Costs and Administration Costs actually incurred, paid, or payable, and less any Taxes and Tax Expenses paid, due, or owing, shall be refunded by the Escrow Agent directly to the Insurance Carriers, Bowlero and/or Bowl America or who made payments pursuant to Paragraph 8(a) above in such amounts as directed by Defendants' Counsel. In the event that the funds received by Class Counsel consistent with Paragraph 24 of this Stipulation above have not been refunded to the Settlement Fund within the thirty (30) calendar days specified in this Paragraph, those funds shall be refunded by the Escrow Agent immediately upon their deposit into the Escrow Account directly to Bowlero and/or Bowl America or the Insurance Carriers who made payment pursuant to Paragraph 8(a) above in such amounts as directed by Defendants' Counsel consistent with Paragraph 24 of this Stipulation.

   O.    <u>**No Admission of Liability**</u>

44.     It is expressly understood and agreed that neither the Settlement nor any act or omission in connection therewith is intended or shall be deemed or argued to be evidence of or to constitute an admission or concession by: (a) Defendants or any other Defendants' Released Parties as to (i) the truth of any fact alleged by Plaintiffs, (ii) the validity of any claims or other issues raised, or which might be or might have been raised, in the Action or in any other litigation, (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or (iv) any wrongdoing, fault, or liability of any kind by any of them, which each of them expressly denies; or (b) Plaintiffs that any of their claims are without merit, that any of Defendants had meritorious defenses, or that damages recoverable from Defendants under the Complaint would not have exceeded the Settlement Amount.

45.     The Released Parties may file this Stipulation and/or the Order and Final Judgment in any action that has been or may be brought against them in order to support a claim or defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or in connection with any insurance litigation.

**P.     Miscellaneous Provisions**

46.     Subject to Paragraph 42, the Parties and their respective counsel agree to cooperate fully with one another to obtain (and, if necessary, defend on appeal) all necessary approvals of the Court required of this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

47.     This Stipulation shall be deemed to have been mutually prepared by the Parties and shall not be construed against any of them by reason of authorship.

48.     The Parties agree that in the event of any breach of this Stipulation, all of the Parties' rights and remedies at law, equity, or otherwise are expressly reserved.

49.      This Stipulation may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which shall constitute one and the same document. Any signature to this Stipulation by means of facsimile or other electronic means shall be treated in all manner and respects as an original signature and shall be considered to have the same binding legal effect as if it were the original signed version thereof and without any necessity for delivery of the original signed signature pages in order for this to constitute a binding agreement.

50.      The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

51.      If any deadline set forth in this Stipulation or the Exhibits hereto falls on a Saturday, Sunday, or U.S. legal holiday, that deadline will be continued to the next business day.

52.      Each counsel or other Person executing this Stipulation on behalf of any Party warrants that he or she has the full authority to bind his or her principal to this Stipulation.

53.      Plaintiffs represent and warrant that none of their Plaintiffs' Released Claims have been assigned, encumbered, or in any manner transferred, in whole or in part.

54.      This Stipulation shall not be modified or amended, nor shall any provision of this Stipulation be deemed waived, unless such modification, amendment, or waiver is in writing and executed by or on behalf of all of the Parties (or their successors-in-interest).

55.      Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by such other Party. Waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation, and failure by any Party to assert any claim for breach of this Stipulation shall not be deemed to be a waiver as to that or any other breach and will not preclude any Party from seeking to remedy a breach and enforce the terms of

this Stipulation.

56.    All notices, requests, demands, claims, and other communications hereunder shall

be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) upon

actual receipt after being sent to the recipient by reputable overnight courier service (charges

prepaid), or (iii) upon actual receipt after being mailed to the recipient by certified or registered mail,

return receipt requested and postage prepaid, in each case with courtesy copies sent via email, and

addressed to the intended recipient as set forth below:

If to Plaintiffs or Co-Lead Counsel:

COHEN MILSTEIN SELLERS & TOLL PLLC
Daniel S. Sommers, Esq.
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
dsommers@cohenmilstein.com

KOHRMAN JACKSON & KRANTZ LLP
Brett Krantz, Esq.
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, OH 44114
Tel: (216) 696-8700
Fax: (216) 621-6536
bk@kjk.com

If to Defendants or Defendants' Counsel:

DLA PIPER LLP (US)
Benjamin D. Schuman, Esq.
650 S. Exeter St., Suite 1100
Baltimore, Maryland 21202
Tel. (410) 580-3000
ben.schuman@us.dlapiper.com

FOLEY & LARDNER LLP
John Tucker, Esq.
One Independent Drive
Suite 1300
Jacksonville, FL 32202-5017
(904) 359-2000
jtucker@foley.com

57.     This Stipulation is and shall be binding upon, and shall inure to the benefit of, the Parties (and, in the case of the Releases, all Released Parties as third-party beneficiaries), and their respective legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in- interest, and assigns, including, without limitation, any corporation or other entity with which any party hereto may merge, reorganize, or otherwise consolidate.

58.     Notwithstanding the entry of the Order and Final Judgment, the Court shall retain jurisdiction with respect to the implementation, enforcement, and interpretation of the terms of this Stipulation and the Settlement, and all of the Parties submit to the jurisdiction of the Court for all matters relating to the administration, enforcement, and consummation of the Settlement and the implementation, enforcement, and interpretation of this Stipulation. Each of the Parties (i) consents to personal jurisdiction in any such action (but no other action) brought in the Court, consents to service of process on such Party by email to its undersigned counsel, and (iii) waives any objection to venue in the Court and any claim that the Court is an inconvenient forum.

59.     The construction and interpretation of this Stipulation, and any and all disputes arising out of or relating in any way to this Stipulation, shall be governed by and construed in accordance with the laws of the State of Maryland and without regard to the laws that might otherwise govern under principles of conflicts of law applicable hereto. Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

60.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

61.     Except as otherwise provided herein, each Party shall bear its own costs.

62.     Whether or not this Stipulation is approved by the Court and whether or not the Settlement is consummated, or the Effective Date occurs, the Parties and their respective counsel

shall keep confidential all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with this Stipulation.

63.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information, including, without limitation, the Confidentiality Order, shall survive the Settlement and entry of the Order and Final Judgment.

64.     This Stipulation and the Exhibits (Exhibit A: [Proposed] Preliminary Approval Order With Respect to Notice and Settlement Hearing; Exhibit A-1: Notice of Pendency and Proposed Settlement of Stockholder Class Action, Settlement Hearing, and Right to Appear; Exhibit A-2: Summary Notice of Pendency and Proposed Settlement of Stockholder Class Action, Settlement Hearing, and Right to Appear; Exhibit A-3: Postcard Notice of Pendency and Proposed Settlement of Stockholder Class Action, Settlement Hearing, and Right to Appear; and Exhibit B: [Proposed] Order and Final Judgment) constitute the entire agreement among the Parties with respect to the subject matter hereof. The Exhibits are incorporated by reference as if set forth herein verbatim, and the terms of all Exhibits are expressly made part of this Stipulation, provided, however, that if there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit, the terms of the Stipulation shall prevail. No representations, warranties, or inducements have been made to or relied upon by any Party concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants expressly set forth in this Stipulation or the Exhibits.

65.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs or any of the other Released Plaintiff Parties against Defendants or any of the other Released Defendant Parties with respect to Plaintiffs' Released Claims. Accordingly, Plaintiffs, Defendants, and their respective counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. Plaintiffs and Defendants represent and agree

that the terms of the Settlement reached between Plaintiffs and Defendants were negotiated at arm's length and in good faith by Plaintiffs and Defendants, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

66.    The Parties and their respective counsel shall not make any (i) disparaging statements about each other concerning or related to the Action or the allegations, transactions, acts, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to in the Action; (ii) accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action; or (iii) otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

67.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by Plaintiffs, Defendants, or their respective counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

IN WITNESS WHEREOF, the Parties, through their undersigned counsel, have executed this Stipulation effective as of the date first set forth above.


Dated: August 27, 2024

                                                                Respectfully submitted,


*/s/ Benjamin D. Schuman*                          */s/ Daniel S. Sommers*
Benjamin D. Schuman (Bar No. 28829)          Daniel S. Sommers (Bar No. 15822)
**DLA Piper LLP (US)**                                  **COHEN MILSTEIN SELLERS**
650 S. Exeter St., Suite 1100                               **& TOLL PLLC**
Baltimore, Maryland 21202                           1100 New York Avenue NW, Fifth Floor
Tel. (410) 580-3000                                      Washington, DC 20005
ben.schuman@us.dlapiper.com                      Tel: (202) 408-4600
                                                                Fax: (202) 408-4699
       **-and-**                                          dsommers@cohenmilstein.com

Richard A. Speirs (admitted *pro hac vice*)
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
rspeirs@cohenmilstein.com

**-and-**

/s/ John A. Tucker

John A. Tucker (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
One Independent Drive, Suite 1300
Jacksonville, FL 32202-5017
Tel. (904) 359-2000
jtucker@foley.com

***Counsel for Defendants, Bowlero Corp. and Bowl America, Inc.***

/s/ Brett S. Krantz

Brett S. Krantz (admitted *pro hac vice*)
**KOHRMAN JACKSON & KRANTZ LLP**
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, OH 44114
Tel: (216) 696-8700
Fax: (216) 621-6536
bk@kjk.com

***Co-Counsel for Plaintiffs and Class Representatives Sheryl Cohen Fine and John Risner***

41

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND NORTHERN
DIVISION

| | |
|---|---|
| SHERYL COHEN FINE, *et. al.*, | Case No. 1:21-cv-01967-SAG |
| Individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| BOWL AMERICA, INC., *et. al.*, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE
FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

Exhibit A

**WHEREAS:**

A. On August 27, 2024, Court-appointed Class Representatives Sheryl Cohen Fine and John Risner ("Class Representatives" or "Plaintiffs"), on behalf of themselves and all others, together members of the Class (defined below), on the one hand, and Defendants Cheryl A. Dragoo, Merle Fabian, Gloria M. Bragg, Nancy E. Hull and Allan L. Sher (deceased) (together the "Defendants"), and Bowl America, Inc. ("Bowl America"), and  Bowlero Corp. ("Bowlero"), (together with Plaintiffs, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Third  Amended Complaint, on the merits and with prejudice (the "Settlement");

B. The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C. The Parties to the Stipulation have consented to the entry of this order; and

D. All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this_____day of_____, 2024 that:**

1. The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure the Class certified by the Court on June 15, 2023, is subject to preliminary and final approval of the Settlement.  The Class is defined as: all holders of Bowl America Class A common stock who, as of May 27, 2021: (1) were

entitled to vote on the Merger; and (2) continued to hold such stock until the closing of the Merger on August 18, 2021. The class excludes the Defendants, their family members, heirs, and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants.

3.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, at the United States District Court, District of Maryland, Northern Division, 101 West Lombard Street, Baltimore, MD 21201 on_____    , 2024, at : _.m. [a date approximately    days from entry of this order] for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)      to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Defendants and Dismissed Defendants of the Released Defendants' Claims, as set forth in the Stipulation, should be provided to the Released Plaintiff Parties;

(d)      to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)      to consider Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Plaintiffs and Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)      to rule upon such other matters as the Court may deem appropriate.

4.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind. The Court further reserves the right to enter the Order and Final Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further notice to members of the Class. Any such changes shall be posted on the website of the Settlement Administrator. The Court approves the form, substance and requirement of the Notice of Pendency and Propose Settlement of Stockholder Class Action, Settlement Hearing, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Summary Notice of Pendency and Proposed Settlement of Stockholder Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice"), and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1 through 3, respectively, and finds they collectively: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Class Members of their right to object to the proposed Settlement or to exclude themselves from the Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

5.      The Court approves the retention of EPIQ Class Action & Claims Solutions, Inc. as the Settlement Administrator. The Settlement Administrator shall cause the Postcard Notice, substantially in the form annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort. Bowl America, to the extent it has not already done so, shall use its best efforts to obtain and provide to Co-Lead Counsel, or the Settlement Administrator, at no cost to Co-

Lead Counsel, the Class, or the Settlement Administrator, within ten (10) business days of entry of this Preliminary Approval Order, its transfer agent's lists of the names/addresses/emails of holders of Bowl America common stock at the time of the Merger, in electronic searchable form, such as Excel, to the extent reasonably available. Co- Lead Counsel, through the Settlement Administrator, shall substantially complete such mailing no later than seventy-five (75) calendar days after the Notice Date.

6.      The Settlement Administrator shall use reasonable efforts to provide notice of the Settlement to nominees such as custodians, brokerage firms and other persons and entities that held Bowl America common stock at the time of the Merger as record owners but not as beneficial owners. Such nominees shall either: (a) within ten (10) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to the Settlement Administrator and the Settlement Administrator is ordered to send the Postcard promptly to such identified beneficial owners; or (b) within ten (10) calendar days of receipt of the Postcard Notice, request from the Settlement Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Postcard Notices from the Settlement Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Settlement Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners shall also send a statement to the Settlement Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Nominees are not authorized to print the notices for dissemination. Notices may only be printed for dissemination by the Settlement Administrator. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to $0.03 per Postcard Notice plus postage at the current pre-sort rate used by the Settlement Administrator per Postcard Notice mailed; or $0.03 per name, address, and email address (to the extent available) provided to the Settlement Administrator, by providing the Settlement Administrator with

proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any disputes regarding reimbursement of such expenses shall be subject to review by the Court.

7.      Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Postcard Notice.

8.      The Court approves the form of the Summary Notice and directs that Co-Lead Counsel shall cause the Summary Notice to be published over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

9.      The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.     Class Members need not submit a claim form in order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation.

11.     Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she, or it will be represented by Co-Lead Counsel.

12.     Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A putative Class Member wishing to

make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than fourteen (14) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address, telephone number, and email address (if any) of the Person seeking exclusion, must state that the sender requests to be "excluded from the Class in *Fine, et al., v. Bowl America, Inc. et al.*, Case No. 1:21-cv-01967-SAG (D. Md.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, documentary proof of ownership of Bowl America common stock at the time of the merger. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

13.    Putative Class Members requesting exclusion from the Class shall not be eligible to receive any payment out of the Net Settlement Fund. Any Class Member who does not request exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's application for attorneys' fees and expenses. Any objections must: (i) identify the case name and civil action number, "*Fine, et. al., v. Bowl America, Inc., et. al*., Case No. 21-cv-01967-SAG (D. Md.)"; (ii) state the name, address, and telephone number of the Objector and, if represented by counsel, the name, address, and telephone number of the Objector's counsel; (iii) be signed by the Objector; (iv) contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the Objector wishes to bring to the Court's attention, and if the Objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the Objector may call to testify and any exhibits the Objector intends to introduce into evidence at the hearing; and (v) include documentation sufficient to prove that the Objector is a member of the Class. Documentation establishing that an Objector is a member of the Class must consist of copies of monthly brokerage account statements or an authorized statement from the Objector's broker containing the transactional and holding information found in an account statement. Co-Lead Counsel

may request that the Objector submit additional information or documentation sufficient to prove that the objector is a Class Member.

14.    The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before fourteen (14) calendar days before the Settlement Hearing, upon Co-Lead Counsel: Daniel S. Sommers, Esq, Cohen Milstein Sellers & Toll PLLC, 1100 New York Avenue, NW, Fifth Fl., Washington, D.C.  20005; Brett Krantz, Esq., Kohrman Jackson & Krantz LLP, One Cleveland Center, 29th Floor, 1375 East Ninth Street, Cleveland OH 44114; and Defendants' Counsel: Benjamin D. Schuman, Esq., DLA Piper LLP (US), 650 S. Exeter St., Suite 1100, Baltimore, Maryland 21202; and John A. Tucker, Esq., Foley & Lardner LLP, One Independent Drive, Suite 1300, Jacksonville, FL 32202-5017, and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the District of Maryland, United States Courthouse, 101 West Lombard Street, MD 21201. Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to state in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

15.    Class Members do not need to appear at the hearing or take any other action to state their approval.

16.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

17.    As provided in the Stipulation, Co-Lead Counsel may pay the Settlement Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund.

18.    All papers in support of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before twenty-one (21) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

19.    No person who is not a Class Member or Co-Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20.    All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

21.    Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Co-Lead Counsel or Plaintiffs.

22.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of July 2, 2024.

23.     Neither this Order, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement

Amount.

     24. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

 SO ORDERED.

_____, 2024

_____
UNITED STATES DISTRICT COURT JUDGE

Exhibit A

EXHIBIT A-1

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| SHERYL COHEN FINE, *et al.,* | Case No. 1:21-cv-01967-SAG |
| Individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| BOWL AMERICA, INC., *et al.,* | |
| Defendants. | |

**NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF STOCKHOLDER CLASS ACTION,
SETTLEMENT HEARING, AND MOTION FOR
ATTORNEYS' FEES AND EXPENSES**

***The Federal District Court for The District of Maryland authorized this
Notice.
This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights will be affected by the above-captioned stockholder class action (the "Action") pending in the United States District Court for the District of Maryland (the "Court") if you were a holder of Bowl America, Inc. ("Bowl America" or the "Company") Class A common stock who, as of May 27, 2021: (1) were entitled to vote on the Merger with Bowlero Corp. ("Bowlero"); and (2) continued to hold such stock until the closing of the Merger on August 18, 2021 and are not excluded from the Class (the "Class").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that Plaintiffs Sheryl Cohen Fine and John Risner ("Plaintiffs"), individually and on behalf of the Class, and Defendants Cheryl A. Dragoo, Merle Fabian, Nancy E. Hull, Gloria M. Bragg and Allan L. Sher (deceased) (the "Defendants") and together with Plaintiffs, the "Parties," and each a "Party") have reached a proposed settlement for two million one hundred seventy-five thousand US dollars ($2,175,000.00) in cash (the "Settlement Amount") as set forth in the Stipulation (the "Settlement"). The Settlement, if approved, will resolve all claims in the Action.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. This Notice explains how Class Members will be affected by the Settlement. The following table provides a brief summary of the rights you have as a Class Member and the relevant deadlines, which are described in more detail later in this Notice.**

---

[1] Any capitalized terms used in this Notice that are not otherwise defined in this Notice shall have the meanings given to them in the Stipulation and Agreement of Settlement between Plaintiffs and Defendants, dated August 27_, 2024 (the "Stipulation"). A copy of the Stipulation is available at www.BowlAmericaStockholderLitigation.com.

| CLASS MEMBERS' LEGAL RIGHTS IN THE SETTLEMENT: | |
|---|---|
| **RECEIVE A PAYMENT FROM THE SETTLEMENT.**<br><br>**CLASS MEMBERS DO NOT NEED TO SUBMIT A CLAIM FORM.** | If you are a member of the Class (defined in Paragraph 39 below), you may be eligible to receive a distribution from the Settlement proceeds. Specifically, the Net Settlement Fund will be distributed on a pro rata basis to those Class Members who held Bowl America shares at the time such shares were converted into the right to receive the Merger Consideration (defined below) in connection with the Closing and are not excluded from the Class. **Class Members do not need to submit a claim form or take any other action in order to be entitled to receive a distribution from the Settlement.** Rather, distribution from the Settlement to Eligible Stockholders (defined below) will be paid directly. *See* Paragraphs 46-51 below for further discussion. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN .** | If you are a member of the Class and would like to object to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's request for a Fee and Expense Award, you may write to the Court and explain the reasons for your objection. *See* Paragraphs 57-63 below for further discussion. |
| **ATTEND A HEARING ON _____ AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | Filing a written objection and notice of intention to appear that is received by_____2024, allows you to speak in Court, at the discretion of the Court, about your objection. In the Court's discretion, the _____2024, hearing may be conducted by telephone or videoconference. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. *See* Paragraphs 54-56 below for further discussion. |
| **REQUEST EXCLUSION FROM THE CLASS BY SUBMITTING A LETTER NO LATER THAN** | You also have the right to seek exclusion from the Class by submitting a signed letter requesting exclusion from the Class as described below. If you are excluded from the Class, you will not receive any payment from the Net Settlement Fund. *See* Paragraphs 66-70. |

## WHAT THIS NOTICE CONTAINS

What Is This Case About?                                                      Page 4

How Do I Know If I Am Affected By The Settlement?                             Page 7

What Are The Terms Of The Settlement?                                         Page 7

What Are The Parties' Reasons For The Settlement Payment?                     Page 8

How Much Will My Payment From The Settlement Be?                              Page 8

Proposed Plan of Allocation                                                   Page 9

What Will Happen If The Settlement Is Approved?                              Page 10

What Claims Will The Settlement Release?                                     Page 10

When and Where Will The Settlement Hearing Be Held?                         Page 10

Objecting to The Settlement                                                 Page 11

Excluding Yourself From the Settlement Class                                Page 13

If I Do Not Exclude Myself, Can I Sue Defendants And The Other Released Defendant
Parties For The Same Reasons Later?                                         Page 14

Can I See The Court File?  Whom Should I Contact If I Have Questions?       Page 14

1.      The purpose of this Notice is to notify Class Members of the existence of the Action and the terms of the proposed Settlement. The Notice is also being sent to inform Class Members of a hearing that the Court has scheduled to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation for the Settlement proceeds, and the application by Class Counsel for a Fee and Expense Award in connection with the Settlement (the "Settlement Hearing"). *See* Paragraphs 54-56 below for details about the Settlement Hearing, including the location, date, and time of the hearing.

2.      The Court directed that this Notice be mailed or made available to you because you may be a member of the Class. The Court has directed us to provide this Notice because, as a Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how the Action and the proposed Settlement generally affects your legal rights. Please Note: The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

3.      The issuance of this Notice is not an expression by the Court of any findings of fact or any opinion concerning the merits of any claim in the Action, and the Court has not yet decided whether to approve the Settlement. If the Court approves the Settlement, then payments to Eligible Stockholders will be made after any appeals are resolved.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Class Member or an Eligible Stockholder or that you will be entitled to receive a payment from the Settlement.

## WHAT IS THIS CASE ABOUT?

THE FOLLOWING RECITATIONS DO NOT CONSTITUTE FINDINGS OF THE COURT. THE COURT HAS MADE NO FINDINGS WITH RESPECT TO THE FOLLOWING MATTERS, AND THESE RECITATIONS SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.

4.      In this Action, Plaintiffs allege that Defendants breached fiduciary duties owed to Bowl America stockholders in connection with the Merger and/or aided and abetted such alleged breaches of duty, as described below. Defendants deny all allegations of wrongdoing and liability.

5.      On May 27, 2021, Bowl America and Bowlero entered into an Agreement and Plan of Merger (such merger agreement with any amendments thereto, the "Merger Agreement"), pursuant to which, among other things, Bowlero would acquire all of the outstanding shares of Bowl America common stock for $44 million not including a special dividend of $0.60 per share payable to Bowl America stockholders at the closing (the "Merger").

6.      On August 11, 2021, with Defendants holding a majority of the voting stock of Bowl America, stockholders voted to approve the Merger. On August 18, 2021, the Merger closed with Bowlero paying $8.53 for each share of Bowl America common stock outstanding, and Bowl America paying a special dividend of $0.60 per share.

7.      Prior to commencing the Action, Lead Plaintiffs, through Co-Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses.

8.      On August 4, 2021, Anita G. Zucker, Trustee of the Anita G. Zucker Trust Dated April 4, 2007, as Subsequently Amended or Restated, and Anita G. Zucker, Trustee of the Article 6 Marital Trust, Under the First Amended and Restated Jerry Zucker Revocable Trust dated April 2, 2007 (the "Trusts") commenced an action on their own behalf and on behalf of all other similarly situated Bowl America stockholders, against Defendants, Ruth Macklin ("Macklin"), Bowl America, Bowlero, and Duff & Phelps Securities LLC ("Duff & Phelps")[2], asserting claims under Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 14a-9 promulgated thereunder, and under Maryland law for breach of fiduciary duty and aiding and abetting breach of fiduciary duty in connection with the Merger.[3]

9.      By Order dated October 6, 2021 (ECF No. 8), the Court appointed the Trusts as Lead Plaintiffs and Cohen Milstein Sellers & Toll PLLC and Kohrman Jackson & Krantz LLP as Co-Lead Counsel.

10.      On November 29, 2021, Lead Plaintiffs filed a Second Amended Class Action Complaint ("Second Amended Complaint") (ECF No. 25). The Second Amended Complaint asserted similar causes of action for securities law violations, breach of fiduciary duty, and aiding and abetting against Duff & Phelps and Bowlero.

11.      On January 28, 2022, all defendants (which at that time included Macklin, Bowl America, Bowlero and Duff & Phelps) moved to dismiss all claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

12.      Following completion of briefing on the motion to dismiss, on May 27, 2022, the Court issued a Memorandum Opinion and Order (EFC Nos. 32 and 33) dismissing without prejudice Counts I, II, V, and VI of the Second Amended Complaint, and dismissing Bowl America, Bowlero and Duff & Phelps as defendants in the Action. The Court denied the motion to dismiss with respect to Lead Plaintiffs' breach of fiduciary duty claims asserted in Counts III and IV, holding that the Second Amended Complaint "plausibly states a claim that the Director Defendants breached their fiduciary duties of care and good faith in approving the Company Termination Fee." The alleged unreasonable Termination Fee consisted of a termination fee of $1,645,000 plus reimbursement of Bowlero's documented expenses up to $3,500,000.

13.      On June 21, 2022, Plaintiffs filed the Third Amended Complaint (ECF No. 36), to add an additional allegation concerning this Court's supplemental jurisdiction over the remaining state law breach of fiduciary duty claims asserted in Counts III and IV.

14.      On July 21, 2022, Defendants moved again to dismiss the Third Amended Complaint, or in the alternative for a more definite statement (ECF No. 38).

15.      On August 17, 2022, Plaintiffs filed a Motion for Scheduling Order and Discovery (ECF Nos. 40, 41, and 42).

16.      On August 22, 2022, Plaintiffs filed their opposition to Defendants' Motion to Dismiss the Third Amended Complaint (ECF No. 43).

17.      After briefing was completed, on October 11, 2022, the Court issued a Memorandum Opinion and Order (ECF Nos. 52 and 53) which granted, in part, and denied, in part, the second motion to dismiss. The Court also denied Plaintiffs' Motion for Scheduling Order and Discovery and terminated Duff & Phelps, Bowl America and Bowlero as Defendants in the case. (ECF Nos. 51 and 53).

18.      Also, on October 11, 2022, the Court issued a Scheduling Order which required the Parties to submit a joint status report on March 9, 2023. (ECF No. 51).

19.      On October 26, 2022, Defendants filed their answer to the Third Amended Complaint (ECF No. 55), denying the remaining allegations and asserting certain affirmative defenses.

20.      On November 14, 2022, the Court entered an Amended Scheduling Order requiring a Status Report

---

[2] Macklin, Bowl America, Bowlero and Duff & Phelps were subsequently dismissed from the Action (together the "Dismissed Defendants").

[3] On August 5, 2021, the Trusts filed an amended complaint to correct a typographical error.

to be filed on July 26, 2023. (EFC No. 57).

21.     On December 7, 2022, the Court approved the Stipulation and Order Regarding Confidentiality of Discovery Material. (ECF No. 59). On February 1, 2023, the Court approved the Stipulation and Proposed Order Regarding Plaintiffs' Motion for Class Certification. (ECF No. 61).

22.     By Order dated February 6, 2023, the Court approved the joinder of Fine and Risner as additional named plaintiffs in the Action. (ECF No. 63).

23.     On February 17, 2023, Lead Plaintiffs and proposed class representatives Fine and Risner, filed their motion for class certification seeking to represent a class of minority stockholders of Bowl America.[4] (ECF Nos. 64 and 65).

24.     On February 21, 2023, Defendants filed an Amended Answer to the Third Amended Complaint. (ECF No. 66).

25.     On March 15, 2023, the Court entered an Order Granting Stipulation of Dismissal of Defendant Ruth Macklin without prejudice. (ECF No. 71).

26.     After full briefing the Court held a class certification hearing on June 2, 2023. (ECF No. 84). On June 15, 2023, the Court issued a Memorandum Opinion and Order certifying the proposed class. (ECF Nos. 85 and 86). The Court denied Lead Plaintiffs' motion to be appointed as class representatives but appointed Plaintiffs Fine and Risner to serve as class representatives and appointed Cohen Milstein Sellers & Toll PLLC and Kohrman Jackson & Krantz LLP as Class Counsel.

27.     On August 11, 2023, the Court entered an Order Regarding an Amended Case Schedule. (ECF No. 89).

28.     Between November 2022 and December 2023, the Parties engaged in fact and expert discovery: (i) Plaintiffs propounded seventeen requests for the production of documents to Defendants, served thirty-seven requests for admission directed to Defendants, and served subpoenas on several non-parties; (ii) Plaintiffs obtained and reviewed approximately 23,373 pages of documents from their discovery requests; (iii) Plaintiffs conducted six depositions of Defendants and non-parties and two expert depositions; (iv) Plaintiffs each responded to nineteen document requests and fourteen interrogatories (not including sub-parts) propounded by Defendants and produced approximately 1,647 pages of documents in response to Defendants' discovery requests; (v) Plaintiffs Fine and Risner provided deposition testimony; (vi) the Parties engaged in multiple written and telephonic meet and confer sessions regarding discovery, class certification pleadings, and case scheduling matters; and (vii) the Parties engaged in full expert discovery including preparation of reports and depositions. On October 13, 2023, the Court entered an Order dismissing the Trusts from the Action without prejudice. (ECF No. 92).

29.     On September 15, 2023, Plaintiffs served (not filed, per the Court's local rules) Defendants with a motion to compel the production of certain documents withheld on the basis of the attorney client and work-product privileges ("Motion to Compel"). On October 13, 2023, Plaintiffs filed their Motion to Compel. On October 27, 2023, Defendants filed their opposition to Plaintiffs' Motion to Compel. On November 8, 2023, pursuant to Local Rule 104.7, Plaintiffs served their reply brief in support of the Motion to Compel. On November 13, 2023, Plaintiffs filed the Motion to Compel briefing with the Court regarding the assertion of attorney client and work product privileges.

30.     In a Memorandum Opinion dated December 7, 2023, Magistrate Judge A. David Copperthite granted in part and denied in part Plaintiffs' Motion to Compel. (ECF No. 121 and 122)

31.     On February 1, 2024, Plaintiffs filed a Motion for Partial Summary Judgment on liability with respect to Defendants' breach of fiduciary duty in approving the alleged unreasonable Termination Fee that exceeded 11% of the purchase price paid by Bowlero. (ECF Nos. 125, 126, 127, 128, and 129).

---

[4] Lead Plaintiffs, the Trusts, continued to lead the litigation until June 15, 2023, when the Court certified the Class and appointed plaintiffs Fine and Risner as Class Representatives.

32. On March 4, 2024, Defendants filed their Cross-Motion for Summary Judgment on the affirmative defenses of exculpation and the business judgment rule, and also filed their Opposition to Plaintiffs' Motion for Partial Summary Judgment. (ECF Nos. 130, 131, and 132).

33. On April 3, 2024, Plaintiffs filed their combined Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment and their Reply in Further Support of their Motion for Partial Summary Judgment. (ECF Nos. 134, 135, 136, and 137).

34. On April 18, 2024, Defendants filed their Reply in Further Support of their Motion for Summary Judgment. (ECF Nos. 139 and 140).

35. By Order dated April 26, 2024, (ECF No. 141), the Court referred the parties to this Action to Magistrate Judge Adam B. Abelson for a settlement conference. Pursuant to that Order, the parties engaged in an in-person mediation session with Magistrate Judge Abelson on June 7, 2024. The session ended without any agreement being reached. The Parties continued discussions with Magistrate Judge Abelson following the mediation to further explore the possibility of a settlement.

36. After further discussions with Magistrate Judge Abelson, on June 26, 2024, he made a mediator's proposal to settle the action for two million one hundred seventy-five dollars ($2,175,000.00). On July 2, 2024, Magistrate Judge Abelson communicated that both sides accepted the proposed settlement.

37. On August 27, 2024, the Parties entered into the Stipulation, which reflects the final and binding agreement among the Parties.

38. On _____, 2024, the Court entered the Preliminary Approval Order directing that this Notice of the Settlement be provided to potential Class Members, and scheduling the Settlement Hearing to, among other things, consider whether to grant final approval of the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

39. If you are a member of the Class you are subject to the Settlement. The class certified by the Court on June 15, 2023 is defined as:

All holders of Bowl America Class A common stock who, as of May 27, 2021: (1) were entitled to vote on the Merger; and (2) continued to hold such stock until the closing of the Merger on August 18, 2021. The class excludes the Defendants, their family members, heirs, and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants.

## WHAT ARE THE TERMS OF THE SETTLEMENT?

40. In consideration of the settlement of Plaintiffs' Released Claims (defined in Paragraph 53 below) against Released Defendants' Parties, Defendants, Bowlero and/or Bowl America shall cause the Insurance Carriers to pay the Settlement Amount into an interest-bearing escrow account for the benefit of the Class in accordance with the Stipulation. *See* Paragraphs 51-52 below for details about the distribution of the Settlement proceeds to Eligible Stockholders.

41. Released Defendants' Parties (except for the Insurance Carriers or their successors-in-interest) shall bear no personal responsibility for any payment in connection with the Stipulation or the Settlement.

## WHAT ARE THE PARTIES' REASONS FOR THE SETTLEMENT?

42.    Plaintiffs believe that the claims asserted in the Action have merit, but also believe that the Settlement set forth in the Stipulation provides substantial and immediate benefits for the Class. In addition to the substantial monetary benefit, Plaintiffs and Class Counsel have considered: (i) the attendant risks of continued litigation and the uncertainty of the outcome of the Action; (ii) the probability of success on the merits; (iii) the inherent problems of proof associated with, and possible defenses to, the claims asserted in the Action; (iv) the desirability of permitting the Settlement to be consummated according to its terms; (v) the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals; and (vi) the conclusion of Plaintiffs and Class Counsel that the terms and conditions of the Settlement and the Stipulation are fair, reasonable, and adequate, and that it is in the best interests of the Class to settle the claims asserted in the Action on the terms set forth in the Stipulation.

43.    Based on Class Counsel's thorough review and analysis of the relevant facts, allegations, defenses, and controlling legal principles, Class Counsel believe that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and confers substantial benefits upon the Class. Based upon Class Counsel's evaluation, as well as their own evaluations, Plaintiffs have determined that the Settlement is in the best interests of the Class and have agreed to the terms and conditions set forth in the Stipulation.

44.    Defendants and Dismissed Defendants deny any and all allegations of wrongdoing, fault, liability, or damages with respect to Plaintiffs' Released Claims, including, but not limited to, any allegations that Defendants or Dismissed Defendants have committed any violations of law or breach of any duty owed to Bowl America stockholders, that the stockholder vote in favor of the Merger was not fully informed, that the disclosures concerning the Merger were inadequate, that the Merger was not entirely fair to, or in the best interests of, Bowl America stockholders, that Defendants or Dismissed Defendants have acted improperly in any way, that Defendants or Dismissed Defendants have any liability or owe any damages of any kind to Plaintiffs and/or the Class, and/or that any Defendant or Dismissed Defendant was unjustly enriched in the Merger. Defendants and Dismissed Defendants maintain that their conduct was at all times proper and in compliance with applicable law, and the Defendants and Dismissed Defendants further maintain that their conduct was at all times in the best interests of Bowl America and its stockholders. Defendants and Dismissed Defendants also deny that Bowl America's stockholders were harmed by any conduct of Defendants and Dismissed Defendants that was alleged, or that could have been alleged, in the Action. Each of the Defendants and Dismissed Defendants asserts that, at all relevant times, such Defendant or Dismissed Defendant acted in good faith.

45.    Nevertheless, Defendants and Dismissed Defendants have determined to enter into the Settlement on the terms and conditions set forth in the Stipulation solely to put Released Plaintiffs' Claims to rest, finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages. For the avoidance of doubt, nothing in the Stipulation or the Settlement shall be construed as an admission by Defendants or Dismissed Defendants of any wrongdoing, fault, liability, or damages whatsoever.

## HOW MUCH WILL MY PAYMENT FROM THE SETTLEMENT BE? HOW WILL I RECEIVE MY PAYMENT?

46.    If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed on a *pro rata* basis to those Class Members who held Bowl America shares at the time such shares were converted into the right to receive the Merger Consideration in connection with the Closing. **Please Note: If you are eligible to receive a payment from the Net Settlement Fund, you do not have to submit a claim form or take any other action in order to receive your payment.**

47.    As stated above, the Settlement Amount will be deposited into an interest-bearing escrow account for the benefit of the Class. Based on the estimated number of shares held by Class Members eligible for a distribution from the  Settlement (2,403,537) the Settlement Amount represents approximately $0.90 per share

for each Class Member before deducting any attorneys' fees or expenses that may be awarded by the Court. If the Settlement is approved by the Court and the Effective Date of the Settlement occurs, the Net Settlement Fund (that is, the Settlement Amount plus any interest accrued thereon less (i) any Taxes or Tax Expenses, (ii) any Administration Costs or Notice Costs, (iii) any Fee and Expense Award awarded by the Court, and (iv) any other costs or fees approved by the Court) will be distributed in accordance with the proposed Plan of Allocation stated below or such other plan of allocation as the Court may approve. After these deductions Class Counsel estimates that the net amount to be distributed to Eligible Stockholders will be approximately $0.55 per share.

48.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

49.     The Court may approve the Plan of Allocation as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.BowlAmericaStockholderLitigation.com.

50.     There are some individuals and entities who are excluded from the Settlement Class. In addition, Excluded Persons includes anyone who timely seeks exclusion from the Settlement Class in accordance with the procedures described in Paragraphs 64-68 below.

## PROPOSED PLAN OF ALLOCATION

51.     The Net Settlement Fund will be distributed on a *pro rata* basis to Eligible Stockholders.

52.     Subject to Court approval in the Class Distribution Order, Class Counsel will direct the Settlement Administrator to allocate the Net Settlement Fund among Eligible Stockholders on a *pro rata,* per-share basis and distribute the Net Settlement Amount to Eligible Stockholders as follows:

(i)     For Eligible Beneficial Holders whose Merger Consideration was distributed through Cede, as nominee for the Depository Trust Company ("DTC"), the Settlement Administrator shall send their portion of the Net Settlement Fund to DTC for distribution. The Settlement Administrator shall instruct DTC Participants to distribute the Eligible Beneficial Holders' portion of the Net Settlement Fund to Eligible Beneficial Holders in the same manner in which the DTC Participants distributed proceeds in connection with the Merger. The Settlement Administrator shall provide DTC Participants with a list of Excluded Persons and direct the DTC Participants not to distribute any payment to any Excluded Person. DTC's sole obligation in connection with the Settlement shall be to distribute the Eligible Beneficial Holders' portion of the Net Settlement Fund to DTC Participants in accordance with this Paragraph and DTC rules and procedures, and DTC shall not be responsible for any errors in the calculation of any distribution or for any failure by the Settlement Administrator, Defendants, or Class Counsel to identify the Excluded Persons.

(ii)     For Eligible Record Holders, the Settlement Administrator shall send their portion of the Net Settlement Fund to the address listed on the stockholder register or other relevant books and records of Bowl America or its transfer agent.

(iii)     If there is any balance remaining in the Escrow Account after six (6) months from the date of initial distribution (whether by reason of tax refunds; uncashed checks; amounts returned by Excluded Persons, to the extent they receive settlement payments; or for any other reason), Class Counsel may petition the Court for reimbursement of their time at applicable hourly rates and expenses incurred in the administration of the Settlement Fund. After the Court's consideration and authorization of any such reimbursement, Class Counsel shall, if feasible, reallocate such balance among Eligible Stockholders who deposited the checks sent (or had the funds paid directly by DTC) in the initial distribution in an equitable and economic fashion. Thereafter, any balance which still remains in the Settlement Fund shall be distributed at the direction of the Court.

**WHAT WILL HAPPEN IF THE SETTLEMENT IS APPROVED?**
**WHAT CLAIMS WILL THE SETTLEMENT RELEASE?**

53.    If the Settlement is approved, the Court will enter an Order and Final Judgment (the "Order and Final Judgment").  Pursuant to the Order and Final Judgment, the claims asserted against Defendants in the Action will be dismissed with prejudice and the following releases will occur:

(i) **Release of Claims by Plaintiffs and the Class:** Upon the Effective Date, Plaintiffs and each and every Class Member, on behalf of themselves and any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns, and transferees, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, each of the foregoing in their capacities as such only, shall have fully, finally, and forever released, settled, and discharged Released Defendant Parties from and with respect to every one of Released Plaintiffs' Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any of Released Plaintiffs' Claims against any of Released Defendant Parties, except for claims relating to the enforcement of the Settlement or any claims against on behalf of any person who submits a request for exclusion that is accepted by the Court.

(ii) **Release of Claims by Released Defendant Parties:** Upon the Effective Date, Released Defendant Parties and any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns, and transferees, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, each of the foregoing in their capacities as such only, shall have fully, finally, and forever released, settled, and discharged  Released Plaintiff Parties from and with respect to every one of  Released Defendants' Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any of Released Defendants' Claims against any of Released Plaintiff Parties, except for claims relating to the enforcement of the Settlement.

**WHEN AND WHERE WILL THE SETTLEMENT HEARING BE HELD?**
**DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?**

54.    **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the Settlement Hearing. Class Members can recover from the Settlement without attending the Settlement Hearing or submitting a claim form.**

55.    Please Note: The date and time of the Settlement Hearing may change without further written notice to Class Members. In addition, the Court may decide to conduct the Settlement Hearing remotely by telephone or videoconference, or otherwise allow Class Members to appear at the hearing remotely by phone or video, without further notice to Class Members. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate remotely by phone or video, it is important that you monitor the Court's docket and the** Settlement website at www.BowlAmericaStockholderLitigation.com **before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website,** www.BowlAmericaStockholderLitigation.com. **Also, if the Court requires or allows Class Members to participate in the Settlement Hearing remotely by telephone or videoconference, the information needed** to access the conference will be posted to the Settlement website, http://www.BowlAmericaStockholderLitigation.com

56.     The Settlement **Hearing** will be held on\_\_, **2024** before The Honorable Stephanie A. Gallagher, either in person at the Court, or remotely by telephone or videoconference (in the discretion of the Court), to, among other things: (i) determine whether the proposed Settlement should be approved as fair, reasonable, and adequate to the Class and in the best interests of the Class; (ii) determine whether the Action should be dismissed with prejudice and the Releases provided under the Stipulation should be granted; (iii) determine whether the Order and Final Judgment approving the Settlement should be entered; (iv) determine whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable, and should therefore be approved; (v) determine whether to approve the Fee and Expense Application for attorneys' fees not to exceed 28%, plus reimbursement of litigation expenses and any costs and expenses paid to Plaintiffs or Co-Lead Counsel to be paid out of the Settlement Fund not to exceed $360,000.00[5] ; (vi) hear and rule on any objections to the Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for a Fee and Expense Award; and (vii) consider any requests for exclusion or any other matters that may properly be brought before the Court in connection with the Settlement.

## OBJECTING TO THE SETTLEMENT

57.     Any Class Member may file a written objection to the Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for the Fee and Expense Award (an "Objector"); provided, however, that no Objector shall be heard or entitled to object unless **on or before _____, 2024,** such person **(1)** files their written objection, together with copies of all other papers and briefs supporting the objection specified in Paragraph 59 below, with the Clerk of the Court, United States District Court, District of Maryland, Northern Division, 101 West Lombard Street, Baltimore, MD 21201; **(2)** serves such papers (electronically, by hand, by first class U.S. mail, or by express service) on Co-Lead Counsel and Defendants' Counsel at the addresses set forth below; and **(3)** emails a copy of the written objection to the below email addresses for Co-Lead Counsel and Defendants' Counsel.

58.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Co-Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself from the Class, you have no basis to object because the Settlement and the Action no longer affects you.

59.     Any objections must: (i) identify the case name and civil action number, "*Fine, et. al., v. Bowl America, Inc., et. al.*, Case No. 21-cv-01967-SAG (D. Md.)"; (ii) state the name, address, and telephone number of the Objector and, if represented by counsel, the name, address, and telephone number of the Objector's counsel; (iii) be signed by the Objector; (iv) contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the Objector wishes to bring to the Court's attention, and if the Objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the Objector may call to testify and any exhibits the Objector intends to introduce into evidence at the hearing; and (v) include documentation sufficient to prove that the Objector is a member of the Class. Documentation establishing that an Objector is a member of the Class must consist of copies of monthly brokerage account statements or an authorized statement from the Objector's broker containing the transactional and holding information found in an account statement. Co-Lead Counsel may request that the Objector submit additional information or documentation sufficient to prove that the objector is a Class Member.

## CO-LEAD COUNSEL

---

[5] Lead Plaintiffs will be paid $250,000 from any award of attorneys' fees as a reimbursement for legal fees that Lead Plaintiffs advanced to Class Counsel during the litigation.

| | |
|---|---|
| Cohen Milstein Sellers & Toll PLLC<br>Daniel S. Sommers<br>1100 New York Avenue NW, Fifth Floor<br>Washington, DC 20005<br>Tel: (202) 408-4600<br>Fax: (202) 408-4699<br>dsommers@cohenmilstein.com<br><br>Richard A. Speirs<br>88 Pine Street, 14th Floor<br>New York, NY 10005<br>Tel: (212) 838-7797<br>Fax: (212) 838-7745<br>rspeirs@cohenmilstein.com | Kohrman Jackson & Krantz LLP<br>Brett S. Krantz<br>One Cleveland Center, 29th Floor<br>1375 East Ninth Street<br>Cleveland, OH 44114<br>Tel: (216) 696-8700<br>Fax: (216) 621-6536<br>bk@kjk.com |

| **COUNSEL FOR DEFENDANTS** ||
|---|---|
| DLA Piper LLP (US)<br>Benjamin D. Schuman<br>650 S. Exeter St., Suite 1100<br>Baltimore, Maryland 21202<br>(410) 580-3000<br>ben.schuman@us.dlapiper.com | Foley & Lardner LLP<br>John A. Tucker<br>One Independent Drive, Suite 1300<br>Jacksonville, FL 32202-5017<br>(904) 359-2000<br>jtucker@foley.com<br><br>Foley & Lardner LLP<br>Jarren N. Ginsburg<br>3000 K Street NW, Ste 600<br>Washington, DC 20007<br>(202) 672-5300<br>jginsburg@foley.com |

60.     You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

61.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Co-Lead Counsel and Defendants' Counsel at the mailing and email addresses set forth in Paragraph 59 above so that the notice **is *received* on or before _____, 2024.**

62.     The Settlement Hearing may be adjourned by the Court without further written notice to Class Members.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel or the Settlement Administrator.

63.     **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection (including the right to appeal) and shall be forever foreclosed from making any objection to the Settlement, the proposed Plan of Allocation, Class Counsel's application for the Fee and Expense Award, or any other matter related to the Settlement or the Action, and will otherwise be bound by the Order and Final Judgment to be entered and the releases to be given.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate**

their approval.

---

### EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

---

64.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Class. This is called excluding yourself or "opting out." **Please note: If you decide to exclude yourself from the Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.**

65.     To exclude yourself from the Class, you must mail a signed letter stating that you request to be "excluded from the Class in *Fine, et al., v. Bowl America, Inc., et al.*, Case No. 1:21-cv-01967-SAG (D. Md.)." You cannot exclude yourself by telephone or email. Each request for exclusion must also: (i) state the name, address, telephone number, and email address (if any) of the Person seeking exclusion; and (iii) be signed by the Person requesting exclusion. Requests ***must*** be submitted with documentary proof of Bowl America common stock held by the requester at the time of the Merger. A request for exclusion must be mailed so that it is **received no later than _____, 2024** at:

*Bowl America, Inc. Settlement*
c/o EPIQ

66.     This information is needed to determine whether you are a member of the Settlement Class. Your exclusion request must comply with these requirements in order to be valid.

67.     If you ask to be excluded, you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Class Member and the Settlement will not affect you. If you submit a valid exclusion request, you will not be legally bound by the Settlement or anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

---

### IF I DO NOT EXCLUDE MYSELF, CAN I SUE DEFENDANTS AND THE OTHER RELEASED DEFENDANT PARTIES FOR THE SAME REASONS LATER?

---

68.     No. Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is ____, **2024.**

---

### CAN I SEE THE COURT FILE?
### WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

---

69.     This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in the Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the office of the Clerk of the Court, United States District Court, District of Maryland, Northern Division, 101 West Lombard Street, Baltimore, MD 21201. Additionally, copies of the Stipulation, the Complaint, and pertinent orders entered by the Court will be posted on

the Settlement website, www.BowlAmericaStockholderLitigation.com. If you have questions regarding the Settlement, you may contact the Settlement Administrator at Bowl America, Inc. Stockholder Litigation, c/o ADDRESS info@BowlAmericaStockholderLitigation.com; or Co-Lead Counsel listed in Paragraph 59:

70.    If you are a broker or other nominee that held Bowl America common stock at any time during the Class Period for the beneficial interest of persons or entities other than yourself, you are requested, within seven (7) calendar days of receipt of this Notice, to either: (i) request from the Settlement Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (ii) provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to the Settlement Administrator at: In re Bowl America, Inc. Stockholder Class Action Litigation c/o EPIQ [Address]. If you choose the second option, the Settlement Administrator will send a copy of the Postcard Notice to the beneficial owners.

71.    Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Settlement Administrator with proper documentation supporting the expenses for which reimbursement is sought, not to exceed $        plus postage at the current pre-sort rate used by the Claims Administrator per mailed Postcard Notice. Copies of this Notice and the Postcard Notice may also be obtained from the Settlement website, www.BowlAmericaStockholderLitigation.com, by calling the Settlement Administrator toll free at _____, or by emailing the Settlement Administrator at [info@BowlAmericaStockholderLitigation.com]

## DO NOT CALL OR WRITE THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

## BY ORDER OF:

Dated: _____

_____
**CLERK OF THE COURT, UNITED STATES DISTRICT COURT, DISRICT OF MARYLAND**

EXHIBIT A-2

# Announcing a Class Action Settlement affecting former holders of Bowl America Class A common stock

PR Newswire / CITY, ST / MONTH, DAY, 20XX – A proposed $2,175,000.00 Settlement has been reached in a class action lawsuit titled, *Fine, et al., v. Bowl America, Inc., et al.*, 1:21-cv-01967-SAG (D. Md.). The lawsuit alleges that Cheryl A. Dragoo, Merle Fabian, Nancy E. Hull, Gloria M. Bragg and Allan L. Sher (deceased) (the "Defendants") breached fiduciary duties owed to Bowl America stockholders in connection with the Merger and/or aided and abetted such alleged breaches of duty. Defendants deny all allegations of wrongdoing and liability.

**Who is Included?** The Class is defined as all holders of Bowl America Class A common stock who, as of May 27, 2021: (1) were entitled to vote on the Merger; and (2) continued to hold such stock until the closing of the Merger on August 18, 2021. The class excludes the Defendants, their family members, heirs, and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants.

**What does the Settlement Provide?** If you are a member of the Class, you may be eligible to receive a distribution from the Settlement proceeds. Specifically, the Net Settlement Fund will be distributed on a *pro rata* basis to those eligible Class Members who held Bowl America shares at the time such shares were converted into the right to receive the Merger Consideration in connection with the Closing and are not excluded from the Class. **Class Members do not need to submit a claim form or take any other action in order to be entitled to receive a distribution from the Settlement.** Rather, distribution from the Settlement to Eligible Stockholders will be paid directly.

**Your Other Options.** If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Class. This is called excluding yourself or "opting out." If you submit a valid exclusion request, you will not be legally bound by the Settlement or anything that happens in the Action, and you will not receive any payment from the Net Settlement Fund. The deadline to exclude yourself is **MONTH DAY, 20XX**. If you do not exclude yourself, you may object to the object to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's request for a Fee and Expense Award by **MONTH DAY, 20XX**.

The Court has scheduled a Settlement Hearing in this case on **MONTH DAY, 20XX,** before The Honorable Stephanie A. Gallagher, either in person at the Court, or remotely by telephone or videoconference to, among other things, determine whether the proposed Settlement should be approved as fair, reasonable, and adequate to the Class and in the best interests of the Class. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. You or your own lawyer may attend and ask to appear at the hearing, but you are not required to do so. The hearing could reschedule to a different date or time, so please check the Settlement website for those details.

Press Release

**More Information.** Complete information about your rights and options, as well as important documents (including the Settlement Agreement) are available at www.XXXXXXXXXXXXXXXXXXX.com. You may also call toll-free 1-XXX-XXX-XXXX.

# # #

SOURCE // United States District Court for the District of Maryland, Northern Division

MEDIA CONTACT // TBD

EXHIBIT A-3

## Front of Postcard Notice

Settlement Administrator
Bowl America, Inc. Settlement
PO Box XXXX
Portland, OR 972XX-XXXX

Unique ID: <Unique ID>

Legal Notice

To:  All holders of Bowl America Class A common stock who, as of May 27, 2021: (1) were entitled to vote on the Merger; and (2) continued to hold such stock until the closing of the Merger on August 18, 2021. The class excludes the Defendants, their family members, heirs, and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants.

## Back of Postcard Notice

A proposed $2,175,000.00 Settlement has been reached in a class action lawsuit titled, *Fine, et al., v. Bowl America, Inc., et al.*, Case No. 1:21-cv-01967-SAG (D. Md.). The lawsuit alleges that Cheryl A. Dragoo, Merle Fabian, Nancy E. Hull, Gloria M. Bragg and Allan L. Sher (deceased) (the "Defendants") breached fiduciary duties owed to Bowl America stockholders in connection with the Merger and/or aided and abetted such alleged breaches of duty. Defendants deny all allegations of wrongdoing and liability.

**Who is Included?** **Records indicate that you may be a member of the Class.** The Class is defined as: all holders of Bowl America Class A common stock who, as of May 27, 2021: (1) were entitled to vote on the Merger; and (2) continued to hold such stock until the closing of the Merger on August 18, 2021. The class excludes the Defendants, their family members, heirs, and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants.

**What does the Settlement Provide?** If you are a member of the Class, you may be eligible to receive a distribution from the Settlement proceeds. Specifically, after deducting any fees or expenses awarded by the Court, the Net Settlement Fund will be distributed on a *pro rata* basis to those Class Members who held Bowl America shares at the time such shares were converted into the right to receive the Merger Consideration in connection with the Closing and are not excluded from the Class. **Class Members do not need to submit a claim form or take any other action in order to be entitled to receive a distribution from the Settlement.** Rather, distribution from the Settlement to Eligible Stockholders will be paid directly.

**Your Other Options.** If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Class. This is called excluding yourself or "opting out." If you submit a valid exclusion request, you will not be legally bound by the Settlement or anything that happens in the Action, and you will not receive any payment from the Net Settlement Fund. The deadline to exclude yourself is **MONTH DAY,**

**20XX**. If you do not exclude yourself, you may object to the object to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's request for a Fee and Expense Award by **MONTH DAY, 20XX**.

The Court has scheduled a Settlement Hearing in this case on **MONTH DAY, 20XX,** before The Honorable Stephanie A. Gallagher, either in person at the Court, or remotely by telephone or videoconference to, among other things, determine whether the proposed Settlement should be approved as fair, reasonable, and adequate to the Class and in the best interests of the Class. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. You or your own lawyer may attend and ask to appear at the hearing, but you are not required to do so. The hearing could reschedule to a different date or time, so please check the Settlement website for those details.

**More Information.** Complete information about your rights and options, as well as important documents (including the Settlement Agreement) are available at www.XXXXXXXXXXXXXXXXXXX.com. You may also call toll-free 1-XXX-XXX-XXXX.

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| SHERYL COHEN FINE, *et. al.*, | Case No. 1:21-cv-01967-SAG |
| Individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| BOWL AMERICA, INC., *et. al*., | |
| Defendants. | |

**ORDER AND FINAL JUDGMENT**

Exhibit B

WHEREAS, a stockholder class action is pending in the Court, entitled *Fine, et al., v. Bowl America, Inc., et al.*, Case No. 1:21-cv-01967-SAG (D. Md.) (the "Action");

WHEREAS, a Stipulation and Agreement of Settlement, dated as of August 27, 2024 (the "Stipulation"), has been entered into by and among: (i) Plaintiffs Sheryl Cohen Fine and John Risner ("Plaintiffs"), individually and on behalf of the Class; (ii) Defendants Cheryl A. Dragoo, Merle Fabian, Nancy E. Hull, Gloria M. Bragg, and Allan L. Sher (deceased) (collectively, the "Defendants," and, (iii) former Defendants Bowl America, Inc. ("Bowl America") and Bowlero Corp. ("Bowlero") (together the "Parties");

WHEREAS, the Stipulation provides for a settlement, subject to the approval of the Court, among the Parties and for dismissal of the Action with prejudice as against Defendants and the Released Defendant Parties upon the terms and conditions set forth in the Stipulation (the "Settlement");

WHEREAS, except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order and Final Judgment;

WHEREAS, by Order dated        , 2024 (the "Preliminary Approval Order"), the Court (i) ordered that the Notice, Summary Notice, and/or Postcard Notice of the proposed Settlement be provided to potential Class Members; (ii) provided Class Members with the opportunity to object to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for a Fee and Expense Award or submit a request for exclusion ("Request for Exclusion"); and (iii) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, the Court conducted a hearing on        , 2024 (the "Settlement Hearing") to: (i) determine whether the proposed Settlement should be approved as fair, reasonable, and adequate to the Class and in the best interests of the Class; (ii) determine whether the Action should be dismissed with prejudice and the Releases provided under the Stipulation should be granted;

(iii) determine whether the Order and Final Judgment approving the Settlement should be entered; (iv) determine whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable, and should therefore be approved; (v) determine whether and in what amount any Fee and Expense Award should be paid out of the Settlement Fund, including payments to Plaintiffs or Lead Plaintiffs, if any; (vi) hear and rule on any objections to the Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for a Fee and Expense Award; and (vii) consider any Requests for Exclusion or other matters that may properly be brought before the Court in connection with the Settlement; and

WHEREAS, it appearing that due notice of the hearing has been given in accordance with the Preliminary Approval Order; the Parties having appeared by their respective attorneys of record; the Court having heard and considered evidence in support of the proposed Settlement, the Plan of Allocation, and the application by Class Counsel for a Fee and Expense Award; the attorneys for the respective Parties having been heard; an opportunity to be heard having been given to all Class Members or other Persons requesting to be heard in accordance with the Preliminary Approval Order; the Court having determined that the Notice, Summary Notice, and Postcard Notice to Class Members was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Parties and Class Members, and it is further determined that Plaintiffs, Defendants, and the Class, as well as any and all of their respective representatives, trustees, executors, administrators, estates, heirs, successors in interest, successors, predecessors in interest, predecessors, transferees, and assigns, immediate and remote,

and any Person acting for or on behalf of, or claiming under, any of them, and each of them, together with their respective successors in interest, successors, predecessors in interest, predecessors, transferees, and assigns, are bound by this Order and Final Judgment.

2.    The mailing of the Notice, substantially in the form attached as Exhibit A-1 to the Stipulation, and the Postcard Notice, substantially in the form attached as Exhibit A-3 to the Stipulation, and publication of the Summary Notice, substantially in the form attached as Exhibit A-2 to the Stipulation, pursuant to and in the manner prescribed in the Preliminary Approval Order, combined with the posting of the Notice on the Settlement Administrator's website, pursuant to and in the manner prescribed in the Preliminary Approval Order, is hereby determined to be the best notice reasonably practicable under the circumstances, to constitute due and sufficient notice to all Persons entitled to receive notice of the Settlement, and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and all other applicable law and rules.

3.    On October 6, 2021, the Court entered an Order appointing Lead Plaintiffs[1] in the Action and Cohen Milstein Sellers & Toll PLLC and Kohrman Jackson & Krantz LLP as co-lead counsel for Plaintiffs ("CoLead Counsel"). On June 15, 2023, the Court entered an order appointing Plaintiffs Sheryl Cohen Fine and John Risner as Class Representatives and denying Lead Plaintiffs' motion to be appointed class representatives. The court also appointed Co-Lead Counsel as Class Counsel. Class Counsel have fairly and adequately represented the Class, both in terms of litigating the Action and for purposes of entering into and implementing the Settlement. The Court certified a Class consisting of:

All holders of Bowl America Class A common stock who, as of May 27, 2021: (1) were

---

[1] Lead Plaintiffs are Anita G. Zucker, Trustee of the Anita G. Zucker Trust Dated April 4, 2007, as Subsequently Amended or Restated, and Anita G. Zucker, Trustee of the Article 6 Marital Trust, Under the First Amended and Restated Jerry Zucker Revocable Trust dated April 2, 2007 (the "Trusts").

entitled to vote on the Merger; and (2) continued to hold such stock until the closing of the Merger on August 18, 2021. The class excludes the Defendants, their family members, heirs, and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants.

4.     The Settlement as provided for in the Stipulation is approved as fair, reasonable, and adequate, and in the best interests of the Class.

5.     Pursuant to Rule 23, the Court fully and finally approves the Settlement in all respects, the Parties are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of the Court is directed to enter and docket this Order and Final Judgment dismissing the Action in its entirety and with prejudice.

6.     The Stipulation shall be binding upon and inure to the benefit of the Released Parties.

7.     Upon the Effective Date, Plaintiffs and each and every Class Member, on behalf of themselves and any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns, and transferees, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, each of the foregoing in their capacities as such only, shall have fully, finally, and forever released, settled, and discharged Released Defendant Parties from and with respect to every one of Released Plaintiffs' Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any of Released Plaintiffs' Claims against any of Released Defendant Parties.

8.     Upon the Effective Date, Defendants and Dismissed Defendants, on behalf of themselves and any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns,

Exhibit B

and transferees, immediate and remote, and any Person acting for or on behalf of, or claiming

under, any of them, and each of them, together with their predecessors-in-interest, predecessors,

successors-in-interest, successors, and assigns, each of the foregoing in their capacities as such

only, shall have fully, finally, and forever released, settled, and discharged Released Plaintiff

Parties from and with respect to every one of Released Defendants' Claims, and shall thereupon

be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to

prosecute any of Released Defendants' Claims against any of Released Plaintiff Parties.

9.      The terms of the Settlement were negotiated at arm's length and in good faith and

reflect a settlement that was reached voluntarily based upon adequate information and sufficient

discovery and after consultation with experienced legal counsel.

10.     Class Counsel are hereby awarded attorneys' fees in the amount of

_____percent of the Settlement Fund and payment of litigation expenses in the amount of

$_____ (the "Fee and Expense Award"), which amounts the Court finds to be fair and

reasonable.  The Fee and Expense Award shall be paid solely out of the Settlement Fund. Neither

Plaintiffs, nor Class Counsel, nor any Class Member, shall make, or assist any other counsel

in making, any application for an award of fees, cost, or expenses in any other jurisdiction

from Defendants or any of Defendants' Released Parties.

11.     Plaintiffs are awarded $_____ for costs and expenses. Plaintiffs' costs and

expenses shall be paid solely out of the Settlement Fund.

12.     The Court hereby finds and concludes that the formula for the calculation of

payments to Class Members as set forth in the Plan of Allocation stated in the Notice provides

a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund

among Class Members with due consideration having been given to administrative

convenience and necessity.

13.     The binding effect of this Order and Final Judgment and the obligations of Plaintiffs, Class Members, and Defendants under the Stipulation shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the Fee and Expense Award, any service award, or the Plan of Allocation.

14.     The Parties and all Class Members shall be and are deemed bound by the Stipulation and this Order and Final Judgment. This Order and Final Judgment, including the release of all Released Plaintiffs' Claims against all of Released Defendant Parties and the release of all Released Defendants' Claims against all of Released Plaintiff Parties, shall have *res judicata,* collateral estoppel, and all other preclusive effect in all pending and future lawsuits, arbitrations, or other proceedings involving any of the Released Claims against any of the Released Parties.

15.     The Court finds and concludes that the Parties and their respective counsel have complied in all respects with Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

16.     If the Settlement is terminated as provided in the Stipulation or the Effective Date otherwise fails to occur: (a) this Order and Final Judgment and any related orders entered by the Court shall in all events be treated as vacated, *nunc pro tunc;* (b) the Releases provided under the Settlement shall be null and void; (c) the fact of, and negotiations and other discussions leading to, the Settlement shall not be admissible in any proceeding before any court or tribunal; (d) all proceedings in the Action shall revert to their status as of immediately prior to the Parties' agreement in principle to settle the Action on July 2, 2024, and no materials created by or received from any Party that were used in, obtained during, or related to the Settlement discussions shall be admissible for any purpose in any court or tribunal, or used, absent consent from the disclosing Party, for

any other purpose or in any other capacity, except to the extent that such materials are otherwise required to be produced during discovery in the Action or in any other litigation; and (e) the Parties shall jointly petition the Court for a revised schedule for trial.

17.    Neither the Stipulation, the fact of or any terms and conditions of the Settlement, nor any communications relating thereto, are evidence, or a presumption, admission, or concession by any Party of any wrongdoing, fault, liability, or damages whatsoever, which are expressly denied and disclaimed by each of the Parties. Neither the Stipulation, nor any of its terms, conditions, and provisions, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statements in connection therewith, shall (a) be argued to be, used, or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any of Defendants' Released Parties, or of any infirmity of any defense, or of any damage to Plaintiffs or any Class Member; (b) otherwise be used to create or give rise to any inference or presumption against any of Defendants' Released Parties concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted, in the Action, or of any purported liability, fault, or wrongdoing of any of Defendants' Released Parties or of any injury or damages to any Person; (c) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or finding that any of Plaintiffs' claims are without merit, that any of Defendants had meritorious defenses, or that damages recoverable from Defendants under the Complaint would not have exceeded the Settlement Amount; or (d) be admissible, referred to, interpreted, construed, deemed, invoked, offered, or received in evidence or

otherwise used by any Person in the Action, or in any other suit, action, or proceeding whatsoever, whether civil, criminal, or administrative; provided, however, that the Stipulation and/or this Order and Final Judgment may be introduced in any suit, action, or proceeding, whether in this Court or otherwise, as may be necessary to argue that the Stipulation and/or this Order and Final Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusive effect, or to otherwise consummate or enforce the Stipulation, Settlement, and/or this Order and Final Judgment, including, without limitation, to secure any insurance rights or proceeds, or as otherwise required by law. This provision shall remain in force in the event that the Settlement is terminated for any reason whatsoever.

18.     Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Stipulation and the Settlement.

19.     Without affecting the finality of this Order and Final Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

20.     The Action is hereby dismissed in its entirety and with prejudice. The Parties are to bear their own costs, except as otherwise provided in this Order and Final Judgment, the Scheduling Order, and the Stipulation.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Dated: