UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| SHERYL COHEN FINE, *et. al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOWL AMERICA, INC., *et. al.*,<br><br>Defendants. | Case No. 1:21-cv-01967-SAG |

# [PROPOSED] ORDER AND FINAL JUDGMENT

Case 1:21-cv-01967-SAG    Document 164    Filed 11/22/24    Page 2 of 9

WHEREAS, a stockholder class action is pending in the Court, entitled *Fine, et al., v. Bowl America, Inc., et al.,* Case No. 1:21-cv-01967-SAG (the "Action");

WHEREAS, a Stipulation and Agreement of Settlement, dated as of August 27, 2024 (the "Stipulation"), has been entered into by and among: (i) Plaintiffs Sheryl Cohen Fine and John Risner ("Plaintiffs"), individually and on behalf of the Class; (ii) Defendants Cheryl A. Dragoo, Merle Fabian, Nancy E. Hull, Gloria M. Bragg, and Allan L. Sher (deceased) (collectively, the "Defendants," and, (iii) former Defendants Bowl America, Inc. ("Bowl America") and Bowlero Corp. ("Bowlero") (together the "Parties");

WHEREAS, the Stipulation provides for a settlement, subject to the approval of the Court, among the Parties and for dismissal of the Action with prejudice as against Defendants and the Released Defendant Parties upon the terms and conditions set forth in the Stipulation (the "Settlement");

WHEREAS, except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order and Final Judgment;

WHEREAS, by Order dated September 3, 2024 (the "Revised Preliminary Approval Order"), the Court (i) ordered that the Notice, Summary Notice, and/or Postcard Notice of the proposed Settlement be provided to potential Class Members; (ii) provided Class Members with the opportunity to object to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for a Fee and Expense Award, and Class Representatives application for a service award or submit a request for exclusion ("Request for Exclusion"); and (iv) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, the Court conducted a hearing on December 12, 2024 (the "Settlement Hearing") to: (i) determine whether the proposed Settlement should be approved as fair, reasonable, and adequate to the Class and in the best interests of the Class; (ii) determine whether the Action should be dismissed with prejudice and the Releases provided under the Stipulation

2

should be granted; (iii) determine whether the Order and Final Judgment approving the Settlement should be entered; (iv) determine whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable, and should therefore be approved; (v) determine whether and in what amount any Fee and Expense Award should be paid out of the Settlement Fund; (vi) determine whether and in what amount any award should be granted to Class Representatives Fine and Risner; (vii) hear and rule on any objections to the Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for a Fee and Expense Award; and (viii) consider any Requests for Exclusion or other matters that may properly be brought before the Court in connection with the Settlement; and

WHEREAS, it appearing that due notice of the hearing has been given in accordance with the Preliminary Approval Order; the Parties having appeared by their respective attorneys of record; the Court having heard and considered evidence in support of the proposed Settlement, the Plan of Allocation, and the application by Class Counsel for a Fee and Expense Award and for an award to Class Representatives; the attorneys for the respective Parties having been heard; an opportunity to be heard having been given to all Class Members or other Persons requesting to be heard in accordance with the Preliminary Approval Order; the Court having determined that the Notice, Summary Notice, and Postcard Notice to Class Members was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Parties and Class Members, and it is further determined that Plaintiffs, Defendants and the Class, as well as any and all of their respective representatives, trustees, executors, administrators, estates, heirs, successors in interest,

successors, predecessors in interest, predecessors, transferees, and assigns, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them, and each of them, together with their respective successors in interest, successors, predecessors in interest, predecessors, transferees, and assigns, are bound by this Order and Final Judgment.

2. The mailing of the Notice, substantially in the form attached as Exhibit A-1 to the Stipulation, and the Postcard Notice, substantially in the form attached as Exhibit A-3 to the Stipulation, and publication of the Summary Notice, substantially in the form attached as Exhibit A-2 to the Stipulation, pursuant to and in the manner prescribed in the Revised Preliminary Approval Order, combined with the posting of the Notice on the Settlement Administrator's website, pursuant to and in the manner prescribed in the Revised Preliminary Approval Order, is hereby determined to be the best notice reasonably practicable under the circumstances, to constitute due and sufficient notice to all Persons entitled to receive notice of the Settlement, and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and all other applicable law and rules.

3. The Settlement as provided for in the Stipulation is approved as fair, reasonable, and adequate, and in the best interests of the Class.

4. Pursuant to Rule 23, the Court fully and finally approves the Settlement in all respects, the Parties are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of the Court is directed to enter and docket this Order and Final Judgment dismissing the Action in its entirety and with prejudice.

5. The Stipulation shall be binding upon and inure to the benefit of the Released Parties.

6. Upon the Effective Date, Plaintiffs and each and every Class Member, on behalf of themselves and any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs,

4

assigns, and transferees, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, each of the foregoing in their capacities as such only, shall have fully, finally, and forever released, settled, and discharged Defendants' Released Parties from and with respect to every one of Plaintiffs' Released Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any of Plaintiffs' Released Claims against any of Defendants' Released Parties.

7. Upon the Effective Date, Defendants, on behalf of themselves and any and all of their respective successors-in-interest, successors, predecessors-in- interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns, and transferees, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, each of the foregoing in their capacities as such only, shall have fully, finally, and forever released, settled, and discharged Plaintiffs' Released Parties from and with respect to every one of Defendants' Released Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any of Defendants' Released Claims against any of Plaintiffs' Released Parties.

8. The terms of the Settlement were negotiated at arm's length and in good faith and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

9. Class Counsel are hereby awarded attorneys' fees in the amount of $ 609,000.00 and payment of litigation expenses in the amount of $ 336,349.03 (the "Fee and Expense Award"), which amounts the Court finds to be fair and reasonable. The Fee and Expense Award shall be paid solely out of the Settlement Fund. Neither Plaintiffs, nor Class

Counsel, nor any Class Member, shall make, or assist any other counsel in making, any application for an award of fees, cost, or expenses in any other jurisdiction from Defendants or any of Defendants' Released Parties.

10. Plaintiffs Fine and Risner are awarded $ 7,500.00 each for costs and expenses related to their service as Class Representatives to be paid solely out of the Net Settlement Fund.

11. The Court hereby finds and concludes that the plan for distributing payments to Class Members as set forth in the Plan of Allocation stated in the Notice provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Class Members with due consideration having been given to administrative convenience and necessity.

12. The binding effect of this Order and Final Judgment and the obligations of Plaintiffs, Class Members, and Defendants under the Stipulation shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the Fee and Expense Award, any service award, or the Plan of Allocation.

13. The Parties and all Class Members shall be and are deemed bound by the Stipulation and this Order and Final Judgment. This Order and Final Judgment, including the release of all Released Plaintiffs' Claims against all of Defendants' Released Parties and the release of all Released Defendants' Claims against all of Plaintiffs' Released Parties, shall have *res judicata,* collateral estoppel, and all other preclusive effect in all pending and future lawsuits, arbitrations, or other proceedings involving any of the Released Claims against any of the Released Parties.

14. The Court finds and concludes that the Parties and their respective counsel have complied in all respects with Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

15. If the Settlement is terminated as provided in the Stipulation or the

Effective Date otherwise fails to occur: (a) this Order and Final Judgment and any related orders entered by the Court shall in all events be treated as vacated, *nunc pro tunc;* (b) the Releases provided under the Settlement shall be null and void; (c) the fact of, and negotiations and other discussions leading to, the Settlement shall not be admissible in any proceeding before any court or tribunal; (d) all proceedings in the Action shall revert to their status as of immediately prior to the Parties' agreement in principle to settle the Action on July 2, 2024, and no materials created by or received from any Party that were used in, obtained during, or related to the Settlement discussions shall be admissible for any purpose in any court or tribunal, or used, absent consent from the disclosing Party, for any other purpose or in any other capacity, except to the extent that such materials are otherwise required to be produced during discovery in the Action or in any other litigation; and (e) the Parties shall jointly petition the Court for a revised schedule for trial.

16. Neither the Stipulation, the fact of or any terms and conditions of the Settlement, nor any communications relating thereto, are evidence, or a presumption, admission, or concession by any Party of any wrongdoing, fault, liability, or damages whatsoever, which are expressly denied and disclaimed by each of the Parties. Neither the Stipulation, nor any of its terms, conditions, and provisions, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statements in connection therewith, shall (a) be argued to be, used, or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any of Defendants' Released Parties, or of any infirmity of any defense, or of any damage to Plaintiffs or any Class Member; (b) otherwise be used to create or give rise to any inference or presumption against any of Defendants'

7

Released Parties concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted, in the Action, or of any purported liability, fault, or wrongdoing of any of Defendants' Released Parties or of any injury or damages to any Person; (c) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or finding that any of Plaintiffs' claims are without merit, that any of Defendants had meritorious defenses, or that damages recoverable from Defendants under the Complaint would not have exceeded the Settlement Amount; or (d) be admissible, referred to, interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any Person in the Action, or in any other suit, action, or proceeding whatsoever, whether civil, criminal, or administrative; provided, however, that the Stipulation and/or this Order and Final Judgment may be introduced in any suit, action, or proceeding, whether in this Court or otherwise, as may be necessary to argue that the Stipulation and/or this Order and Final Judgment has *res judicata,* collateral estoppel, or other issue or claim preclusive effect, or to otherwise consummate or enforce the Stipulation, Settlement, and/or this Order and Final Judgment, including, without limitation, to secure any insurance rights or proceeds, or as otherwise required by law. This provision shall remain in force in the event that the Settlement is terminated for any reason whatsoever.

17. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Stipulation and the Settlement.

18. Without affecting the finality of this Order and Final Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

19. The Action is hereby dismissed in its entirety and with prejudice. The Parties are to bear their own costs, except as otherwise provided in this Order and Final Judgment, the Scheduling Order, and the Stipulation.

SO ORDERED.

Dated: Dec 12, 2024

_____
Stephanie A. Gallagher
U.S. District Judge

9